# CHARLES CHINIQUY

### *v.*

# THE PEOPLE *ex rel.* Charles P. Swigert.

1. TAXATION—*collector's notice of application for judgment as to back taxes.* If the collector's notice of application for judgment for taxes contains a note at the head of the published list, that the prefix of the letter "*a*" indicates a back tax for the preceding year, and the letter "*b*" for the two preceding years, and these letters are so used when there are back taxes, this will be a sufficient compliance with the statute.

2. SAME—*party objecting to judgment can not complain of irregularities as to others.* A party objecting to judgment against his lands will not be allowed to urge objections as to other tax-payers not complaining, but will be confined to such as apply to his own property.

3. SAME—*time of making affidavit by collector, etc.* The failure or neglect of the collector and county clerk to compare and correct the list of delinquent taxes, and of the collector to file an affidavit that the list is correct, on the first day of the term at which application for judgment is made, not affecting the substantial justice of the tax, furnishes no ground for withholding judgment. The omission is supplied if the affidavit is filed after the first day of the term.

4. SAME—*collector's return is prima facie evidence of the facts necessary to render judgment.* The collector's return of delinquent lands to the county court is sufficient evidence of the assessment, the levy of the tax, and that it is unpaid, to authorize judgment, unless the tax-payer shall show that it is substantially unjust to render the same.

5. SAME—*no order of county board necessary for extending State taxes.* No order or resolution of the county board is necessary to authorize the county clerk in levying and extending State taxes. It is his duty to do so under the statute.

6. SAME—*description of property.* The description of property for taxation, as lot 4, and blocks 86, 87, etc., in a party's addition to a city, is sufficient. So a description, as the east end of blocks 99 and 100, will be good, and understood as the east half thereof.

7. SAME—*variance as to description in list and judgment.* If the collector's return of delinquent lands describes a person's property as the east end of lots 99 and 100, and the judgment is against the undivided third of the east end of those lots, there will be no variance, as it will be presumed the taxes were shown to have been paid before judgment on the other undivided two-thirds.

8. SAME—*certificate of municipal taxes not filed in time required.* If the certificate of the amount of municipal taxes is not filed with the county clerk within the time required by statute, this will not invalidate the levy, as the irregularity or defect is cured by sec. 191 of the Revenue law of 1874.

9. SAME—*use of initials or abbreviations.* There is no objection to the use of initials or abbreviations in the collector's report, to indicate the kind of tax, at the head of each column.

10. SAME—*legality of tax, how questioned.* If a party intends to urge in this court that a portion of the State and school taxes levied are unconstitutional and void, he must make the specific objection in the court below, and preserve the evidence of the facts in the record.

572          CHINIQUY *v.* THE PEOPLE *ex rel.*          [Sept. T.

Statement of the case.

11. SAME—*former decisions modified by statute.* Under section 191 of the Revenue law of 1874, unless there are shown in defense matters which affect the "substantial justice of the tax itself," its collection will be enforced. That section has overruled or modified most, if not all, the prior decisions of this court in regard to proceedings for the collection of the revenue.

12. TERM OF COURT—*regarded as one day.* It is a familiar rule of law that a term of court, for most purposes, is considered as but one day.

13. COLLECTOR'S WARRANT—*protection to officer levying.* If a collector should be sued in trespass for levying upon property for taxes, the warrant, without any other evidence, will show a complete justification, and it will be evidence that all of the legal steps have been taken to assess, levy and extend the taxes, and this though he has been compelled to return his warrant unsatisfied.

14. CONSTITUTIONAL LAW—*as to rate of county tax that may be levied.* Sec. 8, of art. 9, of the new constitution, which prohibits any county from levying a tax exceeding seventy-five cents on the one hundred dollars' valuation, etc., does not apply to a tax levied to pay interest on bonds given in aid of a railway, voted before the adoption of that instrument, although the subscription and the issue of the bonds occurred after its adoption.

15. MUNICIPAL SUBSCRIPTION AND BONDS—*waiver of condition.* If county authorities issue and deliver the bonds of the county to a railway company before performance of the conditions upon which they were to be issued and delivered, this will be a waiver of the condition by the county.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was an application, by Charles P. Swigert, county collector, to the county court, for judgment against delinquent lands and lots for the year 1873, and back taxes, special assessments, interest, etc. Objections to the rendition of judgment were filed by Charles Chiniquy and others, as to this real estate, most of which are noticed and answered in the opinion of the court. The county court overruled the objections, and rendered judgment, and an appeal was taken to the circuit court, where a similar judgment was rendered.

Mr. S. R. MOORE, for the appellant.

Mr. H. L. RICHARDSON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record presents several questions which were not discussed in the case of *Buck* v. *The People, ante,* p. 560, which we now propose to consider.

It is urged, that the collector's report, as published, fails to state the several years for which the taxes are due and delinquent. An examination of this record, so far as we can see, does give the years for which the several taxes are due. The notice states, in a note at the head of the published list: "The prefix of the letter *'a'* italic, indicates a back tax for the year 1872, and *'b'* for the years 1871 and 1872." And on turning to the list, it will be found that the letter *"a"* is prefixed to some of the taxes assessed to appellant, but we do not find the letter *"b"* prefixed to any of his lands. This fully apprised him of the years for which his lands stood charged, with the several taxes and their amounts. This was all he had a right to know, from the advertised list, on that subject. It was as full a notice to him, as if the year had been written in full, opposite to the tax. If it could be said that there is some ambiguity where the letter *"b"* is used, he has no right to complain, as he is not, nor can he be, here to complain for others, or to protect their interests. It is no concern of his if his neighbors see proper to pay just and fair taxes, levied for lawful purposes. We think this is a full and fair compliance with this requirement of the statute.

It is likewise objected, that the collector and county clerk did not compare and correct the list, and that the collector failed to file the affidavit that the list was correct, on the first day of the term, as required by the 190th section of the Revenue law.

It is a familiar rule of law, that the term of court, for most purposes, is considered as but one day, and no reason is perceived why the same rule should not apply to a tax case as well as to others. But if the rule did not apply, shall the State and municipal governments be deprived of their revenue,

574          CHINIQUY v. THE PEOPLE ex rel.          [Sept. T.

Opinion of the Court.

and shall they come to an end, simply because the officer, from sickness, inevitable accident, or even obstinate willfulness, or sheer negligence, fails or is unable to make the affidavit? The legislature could have intended no such rigid construction. But the latter clause of section 191 (R. S. 1874), removes all objection to this affidavit. It provides, that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax, or the assessment thereof. Now, the collector was an officer connected with the collection of the tax, and this non-compliance with the letter of the statute did not affect the substantial justice of the tax, and, under the remaining clause of that section, there can not be the shadow of a doubt that the court was fully empowered to permit the collector to supply the omission, after the first day and during the term.

It is objected, that there is no evidence that the land was assessed. In this, counsel mistake the force and effect of the collector's return. That, of itself, is evidence, and ample evidence, of the assessment, the levy of the tax, and that it is due and unpaid, upon which the statute requires the court to render judgment, unless the objecting tax-payer shall show that it is substantially unjust to render the judgment against the land. It devolves upon him to show the injustice of the claim for the judgment. Appellant's counsel would not claim that, whilst the collector had the warrant for the collection of these taxes, if he had seized personal property for their payment, and he had been sued for a trespass, he would have been required, in justifying the act, to go back and prove that the land was regularly assessed. All know that he would only be required to produce his warrant as a complete justification of his authority to levy. The warrant is evidence that all of the legal steps have been taken to assess, levy and extend the tax. Nor does the fact that the collector has been

compelled to return his warrant unsatisfied, in anywise change or affect the presumption.

Nor was it necessary for the people to produce the proceedings of the county board, showing the levy of the taxes. If they were not levied, or were irregular or unwarranted, it was for the defense to show it. Nor was the resolution of the county board, levying, or requiring the county clerk to extend the State tax, at all necessary. It is the duty of the clerk to extend such taxes, under the requirement of the statute. Sections 119 and 120 regulate this duty of the clerk. The 122d section provides for the levy of taxes for municipal bodies, and the manner in which they shall certify the same to the county clerk; and the 127th section provides for the manner in which he shall estimate the per cent and extend the same, and it also provides for the extension of taxes levied by the county board for county purposes.

The descriptions, so far as we can see, are all the law requires as to Chiniquy's lot 4. So is the description of blocks 86, 87, etc. We are at a loss to see how any person could imagine that there can exist the least ambiguity in this description; nor do we see any force in the objection that there is a variance between the collector's list and the judgment, as to blocks 99 and 100. They are described in the collector's list, each, as the east end of the block, and the judgment is against an undivided third of the east end of each block. The east end, all would understand to be the east half, and if it appeared on the trial, as we suppose it did, that all of the taxes had been paid on these blocks, but that upon an undivided one-third of the east end, we can see no possible reason why the court should not so render the judgment.

It is again urged, that the certificates of the levy of the local municipal taxes were not filed in the time required by the statute. The answer to this is, as was said in *Buck* v. *The People, supra,* that it is cured by the 191st section of the Revenue law. This cures all defects growing out of the failure to file the certificate on or before the day named in the

122nd section. It renders certificates made after that time valid and binding. Nor do we see any objection to using initials or abbreviations in the collector's report, to indicate the kind of tax, at the head of each column.

It is urged, that there was levied a tax to pay the interest on $100,000 of county bonds, issued for railroad purposes, which increases the county levy to a larger per cent than is authorized by our constitution. The vote in favor of issuing the bonds was taken in 1869, and before the adoption of the constitution, and hence is not within its prohibitions. The 8th section of art. IX prohibits any county from levying a tax exceeding seventy-five cents on the $100 valuation, except for indebtedness existing at the adoption of the constitution, unless authorized by a vote of the people of the county. When this vote was had, so far as this record discloses, it became a debt of the county, and a *mandamus* would have compelled the county to issue bonds as evidence of that indebtedness. It was not necessary to issue the bonds to create an indebtedness. As well contend that, because the bonds are not due, there is no debt, when all know the debt exists, although it may not be due. So, in this case, there was a debt, although the bonds had not issued nor had the time arrived for its payment. It was, therefore, an indebtedness, existing, within the meaning of that clause of the fundamental law.

Even if there was a condition which was not performed by the railroad company, it is not shown in the record what it was. It not appearing, and the bonds having been issued by the county authorities, we must presume the condition was waived by that body. The bonds having issued, it must clearly appear that they were issued without authority, before the tax levied to pay interest could be defeated, even if that defense could be interposed as an objection, to prevent the recovery of a judgment ordering the sale of delinquent lands.

It is urged, that the certificates of levy of taxes by municipalities are irregular, not being signed or filed, etc. But

we fail to see that it was shown that these taxes were ever extended, or that they form any portion of the taxes for which this judgment was rendered. We would suppose that there is not a clerk in the State who would levy a tax on a mere unsigned blank, or even on a certificate properly signed, but not stating for what municipality the tax was intended to be levied. Such recklessness or ignorance could not be expected, hence we presume no taxes were extended on such papers. They do not appear by the heads of the several columns, and we are warranted in supposing, that, had they been extended, and formed a part of these taxes, proof of that fact would have been made by appellant.

It is also urged, that seven thirty-sixths of the State and school tax for the year 1873 is unconstitutional and void, as was held in *Ramsey* v. *Hoeger*, 76 Ill. 432. There is nothing, so far as we can see, in this record which shows that fact. If such is the case, the objection should have been made in the court below, and shown to exist. But it was not raised, so far as we can see, in the county or circuit court, and the objection comes too late, when raised for the first time in this court.

A careful examination of the record fails to show anything that affects the "substantial justice of the tax itself," and until that is shown, the court must enforce its collection. The amendment introduced into the 191st section of the present revenue law, has produced a radical change in proceedings to recover judgment for delinquent taxes, and has overruled or modified most, if not all, of our previous decisions on the questions thus arising.

In this and Buck's case, the abstracts are exceedingly meagre, and fail entirely to comply with the rules of court, and are inconvenient in their consideration. And the transcripts are clumsy and inconvenient to handle, examine, or to file ; hence we have received less aid from the preparation of the cases than was required by the great number, and the intricacy of the questions presented.

The judgment of the court below must be affirmed.

37—78TH ILL.                    *Judgment affirmed.*