# David G. Fisher

## *v.*

# The People of the State of Illinois.

1. Taxation—*power must clearly appear, or it can not be exercised.* Unless the power to tax clearly appears from the law, it can not be exercised; but courts will not pervert language from its ordinary and plain signification, and resort to a forced and unnatural interpretation to come to the meaning of the law, and if, from an examination of all the language of the law applicable to the subject, it is clear it was intended the power of taxation should be exercised, it is sufficient.

2. Same—*power in trustees of high schools.* The law providing for the establishment of high schools in townships, and providing that, for the purpose of building a school house, supporting the school, and other necessary expenses, the town shall be a school district, and the trustees shall have the power and discharge the duties of school directors in all respects, etc., authorizes the trustees to levy taxes for the support of such high school, in the same manner that the directors may to support the district schools.

3. Notice—*of application for judgment for taxes.* If a notice of application for judgment against delinquent lands designates the years for which the taxes are unpaid, with such certainty that any one reading the notice would have no difficulty in determining for what year or years taxes on any particular tract or lot were delinquent, the purpose of the statute in requiring notice is subserved.

4. Certificate *of publication of notice sufficient, if a substantial compliance with the statute.* A certificate of the publisher of a newspaper, sworn to, showing a state of facts which meets the requirements of the law as to the publication of notice of an application for judgment for taxes against delinquent lands, is sufficient, though it may not be in the precise words of the statute.

5. Judgment for taxes—*return of collector, prima facie sufficient to render judgment.* It is not essential to the jurisdiction of the court to render judgment for taxes against delinquent lands, that the town collector should make and return to the county collector an affidavit, showing what taxes are delinquent; the delinquent list reported by the county collector to the county clerk, under oath, is *prima facie* evidence of delinquency, upon which, unless overcome by other evidence, the court may render judgment.

Writ of Error to the County Court of Champaign county; the Hon. J. W. Sim, Judge, presiding.

Mr. J. S. LOTHROP, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a writ of error to the county court of Champaign county, on a judgment for taxes. The objections taken to the road and bridge taxes were sustained. All other taxes were then paid, except the special tax for high school purposes, and the questions we are to pass upon relate to that tax only.

The principal question is, whether the tax was levied by competent authority. It was levied by the trustees of schools of the township, and it is insisted they have no authority to levy taxes. It is conceded, that, under the law, when it is determined to establish a high school in a township, the township is created a school district for the purpose of building a school house, supporting the school, and for other necessary expenses; but, it is claimed that it is a school district for no other purpose, and it is assumed that taxation to raise revenue to defray the expenses thus incurred, is another purpose. The assumption is fallacious. Where a particular power is given, there is also implied the usual and appropriate means to its successful execution. Since, therefore, there is no fund known to the law out of which such a school house can be built, the school supported, and the other necessary expenses borne, but such as shall be created by the levy and collection of taxes for that purpose, it would seem inevitably to follow that the legislature designed that the township should be taxed as a district, to accomplish the end in view.

One of the paragraphs in § 35 of the School Law (Rev. Stat. 1874, p. 957,) is as follows: "Upon petition of fifty voters of any school township, filed with the township treasurer at least fifteen days preceding a regular election of trustees, it shall be the duty of said treasurer to notify the voters of the township that an election "For" and "Against" a high school will be held at the next ensuing election of trustees, and the ballots to such effect shall be received and canvassed at such election;

and if a majority of the voters at such election shall be found to be in favor of a high school, it shall be the duty of the trustees to establish, at some central point most convenient for a majority of the pupils of the township, a high school, for the education of the more advanced pupils." The next paragraph is: "For the purpose of building a school house, supporting the school, and other necessary expenses, the town shall be regarded as a school district, and the trustees shall have the power and discharge the duties of directors for such district in all respects." * * *

The doctrine is, certainly, as contended by counsel for plaintiff in error, that unless the power to tax clearly appears from the act, it can not be exercised; but we are not to pervert language from its ordinary and plain signification, and resort to a forced and unnatural interpretation to come to the meaning of the act. We are to presume that words in general use were understood and used in their ordinary sense, where nothing to the contrary expressly appears, and if, from an examination of all the language applicable to the subject, it is clear it was intended the power of taxation should be exercised, it is sufficient.

The position of the counsel, that the expenses of establishing and maintaining the school is to be supported by the several school districts in the township, in the proportion that pupils belonging to such districts attend the school, is not tenable, because—

First—The school is established, not by the voters of the districts, but by the voters of the township, and the districts, as such, have no participation either in their creation or control.

Second—They are to be located without reference to the convenience of the districts, but solely with reference to the convenience of a majority of the pupils of the township.

Third—No authority is conferred upon directors of districts to levy taxes for the building of school houses, employing of teachers, or incurring of other necessary expenses for such schools.

To our minds it seems too plain to admit of argument that the language of the paragraph quoted, which gives to the trustees the power and enjoins upon them the duties of directors "for such district, in all respects," means that, as to such school, they are to have precisely the same powers and exercise the same duties that district directors have and exercise with respect to district schools, to the extent that such powers and duties are practically applicable to a school created as it is to be and for the purpose it is designed to accomplish. There are certain powers and duties possessed and exercised by district directors in subordination to the township trustees, which can not possibly be applicable; and there may be others, also, which, from the difference in the organization of the schools, are inapplicable. But the power to levy taxes for the creation of a fund with which to pay indebtedness lawfully contracted, is as essential to the high school as to the district school, and no reason is apparent why such a power might not be exercised by the trustees, as respects the township, upon the same principle and in the same manner that it is exercised by directors, as respects the district.

It is not objected that the law, as thus construed, is within the prohibition of any provision of the constitution, and the question of its wisdom, or justice even, does not fall within the scope of judicial inquiry.

A number of objections of a technical character are likewise urged against the judgment.

It is insisted the notice of application for the judgment does not show for what years the taxes, on account of which the lands are delinquent, were levied. The caption or heading of the notice recites that the list is that of "delinquent lands, town lots and real estate in Champaign county and State of Illinois, for which the taxes remain due and unpaid for the years 1870, 1871, 1872, 1873, 1874 and 1875;" and, further, that such tracts of land and town lots as include the taxes of the years 1870, 1871, 1872, 1873 and 1874, are designated thus, '70, '71, '72, '73, '74, "set opposite and to the right of

such tracts and town lots; and all tracts or lots not so marked are listed for the taxes for the year 1875 only." *   *   *

We see no objection to this mode of indicating the years for which taxes were levied. The principle is sanctioned by *Chiniquy* v. *The People*, 78 Ill. 570, and the statute does not require the repetition of the explanation at the head of each column, nor after the description of each tract of land. We can not think that any one reading the notice would have any difficulty in determining for what year or years taxes on any particular tract or lot were delinquent; and we are, therefore, of opinion, that the purpose of the statute in requiring notice to be published was subserved.

It is also insisted, that the certificate of the publication of the notice is insufficient. The statute provides, (Rev. Stat. 1874, p. 888, § 186,) that the "printer, publisher, or financial officer or agent of the newspaper publishing the list, shall attach his certificate, under oath, of the due publication of the delinquent list for the time required by law," etc. The notice here was, that application would be made for judgment at the May term, 1876, of the court. A printed certificate annexed is to the effect that the foregoing lists of lands, (which the caption shows were delinquent for taxes for the years therein explained,) "were published in the said newspaper on Wednesday, April 12, A. D. 1876, and that said lists have been examined and found correct, and that the same were published in all the papers for that number and date, and duly distributed, according to law." Appended to this is the affidavit of the publisher of the newspaper, in which he swears that the matters and things stated in the certificate are true.

Although not in the precise words of the statute, we think this a substantial compliance. One publication, three weeks before the term at which application was to be made for judgment, is all that was required. The facts stated in the certificate, and sworn to, show that the publication was "due publication for the time required by law."

Another, and the only remaining objection urged that we deem worthy of notice, is, that the town collector of the town

in which appellant's property is situated, did not make and
return to the county collector an affidavit showing what lands
were delinquent. Under the law in force when this judgment
was rendered, and now, such an affidavit does not affect the
jurisdiction of the court to render judgment for delinquent
taxes. Non-payment of the taxes by the tenth of March, on the
day on which the town or district collector makes return of
his books, constitutes the fact of delinquency (Rev. Stat. 1874,
p. 886, § 177;) and the delinquent list reported by the county
collector to the county clerk, under oath, on the first day of
the term, is *prima facie* evidence of delinquency, upon which
the court may, unless it shall be overcome by other evidence,
render judgment. (Rev. Stat. 1874, p. 889, §§ 190, 191.) And
in the last cited section it is expressly provided, that "no as-
sessment of property or charge for any of said taxes shall be
considered illegal on account of any irregularity in the tax
lists or assessment rolls or on account of the tax lists or
assessment rolls not having been made, completed or re-
turned within the time required by law;   *   *   *   and no
error or informality in the proceedings of any of the officers
connected with the assessment, levying or collecting of the
taxes, not affecting the substantial justice of the tax itself, shall
vitiate or in any manner affect the tax or the assessment
thereof."   *   *   *

This section we have construed as working a radical change
in the policy of the law in respect to judgments for delinquent
taxes, and rendering inapplicable all former decisions holding
to great strictness and literalness in following the language
of the statute in such cases. *Buck* v. *The People*, 78 Ill. 560;
*Chiniquy* v. *The People*, id. 570; *Purrington* v. *The People*,
79 id. 11; *Pike* v. *The People*, *ante*, 80; *Halsey* v. *The
People*, id. 89; *Beers* v. *The People*, 83 id. 488; *Karnes* v.
*The People*, 73 id. 274.

We are of opinion there is no substantial error in the record,
and the judgment will be affirmed.

*Judgment affirmed.*