ADELINE C. MOORE, Ex'x.

*v.*

THE PEOPLE *ex rel.* Thomas A. Lewis.

*Filed at Springfield March 29, 1883.*

1. SPECIAL ASSESSMENT—*under the Drainage law—to what extent of tract the assessment is limited.* Section 14 of the Drainage act, which provides that the commissioners shall assess to each tract of land its proportionate share of the entire cost of the work, does not require that a tract of land shall be divided into the smallest legal subdivisions, in making the assessment, but the more reasonable rule is, that two or more tracts disconnected shall not be valued and assessed together. The assessment of a tract of 420 acres, all situated in one section, and in one body, and levying a gross sum upon the whole, was held no ground for defeating judgment on the assessment.

2. SAME—*of a second assessment—when allowed—and whether the reasons therefor must be stated.* A second special assessment by the commissioners of a drainage district is not void merely because the record of their proceedings fails to show for what purpose it is made. A second one is allowed where the first one proves inadequate to complete the work proposed, or when necessary for maintenance and repairs.

3. SAME—*remedy of party aggrieved.* If it be claimed that a second assessment has been made for any other than a proper purpose, the party affected should interpose his objection before the commissioners, at their meeting to confirm the assessment.

4. SAME—*as to what property is benefited—time to object.* In making assessments under the Drainage law, it is made the duty of the commissioners to determine what property will be benefited by the proposed work, and what not, and their determination, when called in question for the first time on the application for judgment against the land assessed, in the absence of fraud, must be held conclusive. The remedy of any one aggrieved, is to make his objection to the confirmation of the assessment, and if relief is denied, then by an appeal.

5. DRAINAGE LAW—*constitutionality—as to the rule of uniformity in taxation.* The Drainage act is not in violation of the rule of uniformity in taxation prescribed by sections 1, 9 and 10, article 9, of the constitution. Those sections have no bearing on special assessments, and if they once did, the amendment of section 31 of article 4 of the constitution, relating expressly to drainage, must control.

APPEAL from the County Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. J. O. CUNNINGHAM, for the appellant:

The first assessment is void. The roll shows a gross sum of $600 assessed against the land of Moore, described therein by four distinct descriptions. The statute requires that each tract shall be assessed its proportionate share of the entire cost of the work. Sec. 14 of Drainage act.

Where the statute prescribes a mode and purpose of taxation, it must be pursued, and no other mode or purpose can be substituted by officials exercising the power. *People* v. *Otis,* 74 Ill. 384; *Webster* v. *People,* 98 id. 343; *Mix* v. *People,* 72 id. 241; *Chicago* v. *Rock Island R. R. Co.* 20 id. 286; *Rex* v. *Croke,* 1 Cowp. 30.

The statute is not merely directory, but confers a right upon owners of land which can not be disregarded. *French* v. *Edwards,* 13 Wall. 506; Cooley on Taxation, 215; Cooley's Const. Lim. marg. page 518.

If the first assessment was illegal and void, the second assessment, having no legal basis, is void also, for there must be a first assessment as a basis before there can be a second. *Bowen et al.* v. *City of Chicago,* 61 Ill. 268; *Union Building Association* v. *City of Chicago,* 61 id. 349; *Workman et al.* v. *City of Chicago,* 61 id. 463.

It will be seen from the statute (sec. 32) that to justify a second or a third assessment, one of two contingencies must arise. The first sum must be insufficient to complete the work proposed, or an additional sum must be necessary for maintenance or repairs. Neither of these contingencies is shown to have existed. See *Ayer* v. *Town of Lake,* 11 Bradw. 564.

Presumptions can not help out a record which is so defective as not to answer the requirements of the law. Cooley on Taxation, 332.

The necessity for the exercise of the power should appear on the face of the proceedings. *Smith* v. *Hileman,* 1 Scam. 323; *Moffitt* v. *Moffitt,* 69 Ill. 641; *Bree* v. *Bree,* 51 id. 367; *Chicago, Burlington and Quincy R. R. Co.* v. *Chamberlain,* 84 id. 335.

This assessment is void on account of the failure to assess the right of way and franchise of a certain railroad, and the public roads, with some portion of the burdens. *Chicago* v. *Baer et al.* 41 Ill. 306; *Chicago City Ry. Co.* v. *Chicago,* 90 id. 574; *Gilkerson* v. *Scott,* 76 id. 509.

Errors in the assessment are not cured by its confirmation, it not being a judicial act. *Scammon* v. *Chicago,* 42 Ill. 196; *Creote* v. *Chicago,* 56 id. 424.

The act under which these proceedings were had is unconstitutional, as it violates the uniformity enjoined by sections 1, 9 and 10, article 9.

Mr. Wm. W. Webber, for the appellee:

The lands assessed in gross all laid together, constituting one tract or farm, and was proper. *Spellman* v. *Curtenius,* 12 Ill. 409; *Pitkin* v. *Yaw,* 13 id. 257.

Objections to the fairness of a special assessment, or the basis on which it is made, should be made at the proper time, and before confirmation. *Chicago* v. *Burtice,* 24 Ill. 489; *Wright* v. *Chicago,* 48 id. 285; *Jenks* v. *Chicago,* id. 285.

As to what should be included and what omitted in the assessment of special benefits to be derived in the contemplated improvement can not be questioned, except for fraud. It can not be overthrown by the testimony of other persons that property benefited by the improvement was not assessed. *Elliott* v. *Chicago,* 48 Ill. 293.

If assessments are too high, the only remedy is by application to the assessor, as provided for by section 86 of the Revenue law, except when the assessment has been fraudulently made. (*English* v. *People,* 96 Ill. 566.) Sections 18, 19, 20 and 21, of the Drainage law, are similar to section 86 of the Revenue law. The court will not inquire into irregularities which do not affect the substantial justice of the tax. *Buck* v. *People,* 78 Ill. 560; *Thatcher* v. *People,* 79 id. 597; *Chiniquy* v. *People,* 78 id. 570; *Speight* v. *People,* 87 id. 595; *Edwards* v. *People,* 88 id. 340; *Beers* v. *People,* 83 id. 488; *Fisher* v. *People,* 84 id. 491.

As to the objection the railroad company was not assessed, I refer to *Elliott* v. *Chicago,* 48 Ill. 293; *Jenks* v. *Chicago,* id. 296; *Ottawa* v. *Chicago and Rock Island R. R. Co.* 25 id. 43.

The cases cited as showing these objections were not cut off by the judgment of confirmation were all made under the constitution of 1848, and cases where no appeal was allowed from the order of confirmation.

The Drainage act is not in violation of the constitution. The cases cited on this point were decided before the amendment to the constitution, which clearly authorizes the act.

Mr. Justice Craig delivered the opinion of the Court:

This was an application by the county collector of Champaign county for judgment against certain lands owned by appellant, for the non-payment of two special assessments made by the commissioners of Union Drainage District No. 2, of the townships of St. Joseph and Ogden, in Champaign county. The lands of appellant consisted of 420 acres, in a contiguous tract, located in section 7. The commissioners, in making the assessment, assessed a gross sum of $600 against the entire tract of land, and it is contended that the assessment is unauthorized and void,—that the law required the lands to be divided, and a separate assessment made upon each tract.

Section 14 of the Drainage act, which provides that the commissioners shall assess to each tract of land its proportionate share of the entire cost of the work, does not, as we understand the act, require that a tract of land shall be divided into the smallest legal subdivisions in making the assessment, but the more reasonable view is, that two or more tracts, disconnected, should not be valued and assessed together. This is the construction placed upon a similar statute in *Spellman* v. *Curtenius*, 12 Ill. 409, where it was held that the statute requiring each tract of land to be listed and valued separately, does not require that such listing shall be upon the smallest legal subdivisions of land, but that two or more disconnected tracts shall not be listed and valued together. Here, the land of appellant was located in the same section, in one body, and for the purposes of this assessment may be regarded as one tract of land.

Section 32 of the Drainage act provides, that where the assessments hereinbefore made shall be inadequate to complete the work proposed, or where assessments shall be necessary for maintenance and repair, each tract of land shall be assessed such proportion of the additional cost as its original

assessment bore to the total original assessment, and the said additional assessment shall be made by the commissioners in the same manner that the original assessment was made. At a meeting of the drainage commissioners, November 23, 1880, it was, on motion, ordered that an additional assessment of $1812 be levied on the lands in the district. This order was, at the meeting of January 7, 1881, amended to read as follows: "That eighty-three cents additional assessment be levied on each dollar of the previous levy." It is claimed by appellant that the second assessment is void, for the reason the record of the commissioners fails to show the object of this assessment,—that the amount was necessary to complete the work, or necessary for maintenance and repair. It is true the commissioners had no authority to make a second assessment unless the amount first assessed was inadequate to complete the work, or unless it was necessary to raise money for maintenance and repair; but the statute does not require that the commissioners should place upon the record the reason or object which led to the second assessment, and in the absence of such a requirement by the act, the action of the commissioners can not be held void. If the second assessment was not required for either of the purposes named in section 32 of the act, appellant, as well as every other property owner in the district, had a remedy which would have afforded relief had they appeared before the commissioners when they met to confirm the assessment, and there interposed the proper objection.

It is also urged that the assessment is void for the reason that the right of way and franchise of the Indianapolis, Bloomington and Western Railway Company, which runs through the district, and the public highways, were not assessed, while they were benefited. It was a duty resting upon the commissioners to determine what property was benefited and what was not, and their determination, when called in question for the first time on the application for

judgment against the land assessed, must be held conclusive, in the absence of fraud. (*Elliott* v. *Chicago*, 48 Ill. 293; *Jenks* v. *Chicago*, id. 296.) The judgment of the commissioners in regard to the assessment of property can not, where they have acted honestly and fairly, be overthrown by the mere opinions of witnesses as to what property has been benefited, when application for judgment is made against the land. This, and other like objections, if appellant desired to rely upon them, should have been made at the meeting of the commissioners to confirm the assessment. If the commissioners had denied the relief, the statute gave an appeal. A complete remedy was therefore open to appellant, if he had availed of it at the proper time.

It is also claimed that the act is unconstitutional,—that it is in violation of the uniformity enjoined in sections 1, 9 and 10, of article 9, of the constitution. We do not think the uniformity here enjoined has any bearing whatever on the question. The amendment of section 31, of article 4, of the constitution, found in the laws of 1877, page 219, which became a part of the constitution by a vote of the people, in express terms authorized the General Assembly to pass laws permitting the owners of lands to construct drains, etc., for agricultural, sanitary or mining purposes, and provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain drains, etc., and keep them in repair, by special assessments upon the property benefited. The act under which the proceedings were had was passed under the authority of this amendment, and authorized by it, and if sections 1, 9 and 10, of article 9, ever had any bearing upon an assessment of this character, after this amendment became a part of the organic act, it would control, regardless of the provisions of the original constitution.

Other questions of a technical character have been urged, but it will not be necessary to consider them here. We do

not regard the objections urged to the application for judgment as valid, and the court, in our opinion, properly overruled them, and rendered judgment against the land for the amount of the assessments.

The judgment will be affirmed.

*Judgment affirmed.*