T. L. MORGAN *et al.*

*v.*

CHARLES SCHUSSELLE *et al.*

*Opinion filed June 19, 1907.*

1. CONSTITUTIONAL LAW—*legislature cannot delegate the taxing power to other than corporate authorities.* Section 9 of article 9 of the constitution prohibits the legislature from delegating the power of corporate or local taxation to persons other than the corporate authorities directly elected by the people of the district to be taxed or appointed in some mode to which they have assented.

2. SAME—*legislature cannot compel a municipal corporation to incur a debt against its will.* Section 10 of article 9 of the constitution prohibits the legislature from creating a debt against a municipal corporation for merely local purposes and subjecting the property in such municipality to a tax for its payment without the consent of the tax-payers affected.

3. SAME—*part of section 40½ of the Farm Drainage act is unconstitutional.* Section 40½ of the Farm Drainage act, in so far as it empowers commissioners of a drainage district embracing several towns to construct bridges or culverts in public highways of a town and collect the cost thereof from the road and bridge fund of the town, is in violation of sections 9 and 10 of article 9 of the constitution. (*Heffner* v. *Cass and Morgan Counties,* 193 Ill. 439, explained.)

4. DRAINAGE—*when bridges or culverts must be built at the expense of district.* Section 40½ of the Farm Drainage act requires drainage commissioners to construct all bridges and culverts along or across any public highway which may be necessary for the use or protection of the work at the expense of the district, where the necessity for them arises from the construction of an artificial ditch where no natural water-course ever existed.

5. SAME—*drainage commissioners are not corporate authorities.* Drainage commissioners elected in a drainage district embracing several towns are not corporate authorities of such towns, and can not be empowered by the legislature to impose a burden upon any town, without its consent, which requires resort to taxation to remove it; and this is true notwithstanding the drainage commissioners are not vested with power to levy taxes to discharge the burden.

APPEAL from the Circuit Court of Mason county; the Hon. T. N. MEHAN, Judge, presiding.

·LYMAN LACEY, Jr., for appellants:

The commissioners of highways shall have charge of the roads and bridges of their respective towns, and it shall be their duty to keep the same in repair and to improve them, so far as practicable. Rev. Stat. chap. 121, sec. 2.

If the ditch in question had been constructed by the commissioners of highways, it would have been their duty to have constructed the bridge in controversy. Rev. Stat. chap. 121, sec. 2.

The commissioners of this special drainage district in the county of Mason and State of Illinois are authorized to bring this action. They are the corporate authorities of the district. Farm Drainage act, sec. 15*a*.

It is the duty of the commissioners of highways to construct the bridge in question upon demand being made upon them by the corporate authorities of the said drainage district. Having failed to do so, the commissioners of the drainage district are authorized to construct said bridge and bring this action for the money expended in constructing it. Farm Drainage act, secs. 40, 40½.

A drainage district is a public corporation, in which the public have an interest, and it is only by virtue of the drainage being a matter of public improvement that the inventoried land, only, can be taxed for the improvement. *Heffner* v. *Cass and Morgan Counties*, 193 Ill. 439.

A statute imposing upon commissioners of highways the duty to restore highways at crossings to their original usefulness or to provide crossings, creates a continuing duty, and an action to compel the performance of such duty is not subject to the Statute of Limitations. 19 Am. & Eng. Ency. of Law, (2d ed.) p. 202, note 1.

Section 40½ of the Farm Drainage act is constitutional. *Heffner* v. *Cass and Morgan Counties*, 193 Ill. 439.

The legislature of the State of Illinois has full power and control over the public corporations of the State. There is no constitutional restriction upon that power. *Richland*

*County* v. *Lawrence County,* 12 Ill. 1; *Dennis* v. *Maynard,* 15 id. 480; *Pike County* v. *State,* 11 id. 202; *Wetherell* v. *Devine,* 116 id. 631; *Owners of Lands* v. *People,* 113 id. 305; *Marion County* v. *Lear,* 108 id. 349; *People* v. *Power,* 25 id. 191; *Harris* v. *Whiteside County,* 105 id. 445; *Heffner* v. *Cass and Morgan Counties,* 193 id. 439.

NORTRUP & WILLIAMS, for appellees:

It is a part of the duties of the commissioners of highways to lay out, alter, widen or vacate roads, and to exercise such care and superintendence over roads and bridges as the public good may require. Rev. Stat. chap. 121, sec. 5, subdiv. 1.

If the drainage district in question, covering only about one-fourth of the area of the town of Pennsylvania, can build the bridge now sued for, it would indirectly levy a tax and compel the entire town to pay it, against the consent of the tax-payers. Taxation must be uniform within the jurisdiction imposing the same. Const. art. 9, secs. 9, 10.

Taxation cannot be imposed without the consent of the tax-payers who have to pay the same. *Updike* v. *Wright,* 81 Ill. 49; *People* v. *Knopf,* 171 id. 191.

Highway commissioners cannot be compelled, against their judgment and discretion, to build a bridge. *People* v. *Highway Commissioners,* 158 Ill. 107.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellants, as commissioners of the Central Special Drainage District in the county of Mason and State of Illinois, brought an action of debt in the circuit court of Mason county, to the February, 1906, term, against appellees, as commissioners of highways of the town of Pennsylvania, in said county, to recover the sum of $317 expended by appellants, as commissioners of such drainage district, in constructing a bridge over a ditch of the drainage district in

said town. The cause was submitted to the circuit court without a jury, upon a stipulation of facts. The finding was in favor of appellees, and judgment was rendered against appellants for costs. Appellants have appealed to this court.

Mason county is under township organization. The drainage district, which was organized under the Farm Drainage act and which embraces 22,000 acres of land, includes parts of three towns in said county, one of which is the town of Pennsylvania. Said town contains 23,040 acres, only 5920 acres of which are within the drainage district. The town of Pennsylvania has been heretofore assessed for benefits to highways by the drainage district, all of which assessments have been paid. The drainage district includes within its boundaries a certain public highway running north and south in the town of Pennsylvania. The center line of this highway is the east boundary line of a certain tract of land now owned by one Benjamin Itzen, which lies in the town of Pennsylvania and which is included in the drainage district. This highway was in existence at the time the drainage district was organized, and was at that time, and now is, the only highway contiguous to said tract of land. In 1887 the drainage district constructed one of its ditches, which does not, and never did, constitute a natural water-course, in said highway and west of the center line thereof, along the entire east side of the land now owned by Itzen, thereby separating said land from the line of travel in the highway. It thereupon became necessary to construct a bridge over said ditch in order to connect said tract of land with the highway for the use of the owners and occupants of said tract in passing to and from the highway, and accordingly the then acting commissioners of the drainage district, immediately after the construction of the ditch, built such bridge. The commissioners of highways never assumed any authority or jurisdiction over that bridge, but the same was always maintained by the commissioners of the drainage district. Shortly before the commencement

of this suit the bridge above mentioned became out of repair and it was necessary to replace it with a new bridge. Itzen notified appellants of the necessity for a new bridge, and appellants thereupon served a written notice upon appellees to construct said bridge within thirty days, and that in default thereof appellants would build said bridge and would bring suit against appellees for the costs and expenses thereof. After the expiration of the thirty days mentioned in the notice, appellees having failed to construct the bridge, appellants built the same at a cost of $317 and brought this action of debt to recover that amount from appellees.

Section 40½ of the Farm Drainage act (being paragraph 115 of chapter 42 of Hurd's Revised Statutes of 1905) is as follows: "The commissioners shall have the power and are required to make all necessary bridges and culverts along or across any public highway or railroad which may be deemed necessary for the use or protection of the work, and the cost of the same shall be paid out of the road and bridge tax, or by the railroad company as the case may be: *Provided, however,* notice shall first be given to the road or railroad authorities to build or construct such bridge or culvert, and they shall have thirty days in which to build or construct the same, such bridges or culverts shall in all cases be constructed so as not to interfere with the free flow of water through the drains of the district. Should any railroad company refuse or neglect to build or construct any bridge or culvert as herein required, the commissioners constructing the same may recover the cost and expenses therefor in a suit against said company before any justice of the peace or any court having jurisdiction, and reasonable attorney's fees may be recovered as part of the cost. The proper authorities of any public road or railroad shall have the right of appeal the same as provided for individual land owners."

Appellants insist that this section of the statute authorized them to construct the bridge in question after the com-

missioners of highways had been notified and had refused so to do, and to recover the cost thereof in this action of debt against the highway commissioners. Appellees, on the other hand, contend, first, that the section above quoted has no application to a bridge in the highway which is made necessary by the construction by a drainage district of an artificial ditch in the highway, which bridge is not in the line of public travel along the highway; and second, that the statute is unconstitutional in so far as it imposes upon a town, or the road and bridge fund thereof, a liability to pay for bridges constructed in a public highway by the commissioners of a drainage district. It is only necessary to consider appellees' second contention.

Section 40½, *supra*, was a part of the Farm Drainage act as originally enacted in 1885. Under the original act the highway commissioners of each town in counties under township organization were *ex officio* commissioners for all drainage districts in such town. Hence, when section 40½ was enacted, the authority thereby conferred to construct the bridges therein designated and to pay the cost thereof out of the road and bridge tax was conferred upon the highway commissioners of the town. By an amendment to the act, made in 1895, it was provided that upon the organization of a drainage district under the act, the duties and obligations of the commissioner of highways as drainage commissioners should cease as soon as drainage commissioners should be elected and qualify as therein provided. (Sec. 89a of chap. 42, *supra*.) One effect of that amendment was to so change section 40½ as to authorize persons other than highway commissioners to construct bridges in public highways, under certain conditions, at the cost of the town in which such highway should be located. The question is therefore here presented whether the legislature has the power to delegate to others than the corporate authorities of a town the power to construct bridges to be paid for out of taxes derived from the property in such town.

It has been heretofore frequently decided by this court that section 9 of article 9 of our present constitution is a limitation upon the power of the legislature to delegate the right of corporate or local taxation to any other than the corporate or local authorities of the district to be taxed, and that by the phrase "corporate authorities," as used in said section of the constitution, must be understood those municipal officers who are either directly elected by the people to be taxed or appointed in some mode to which they have given their assent. (*People ex rel.* v. *Mayor,* 51 Ill. 17; *Harward* v. *St. Clair Drainage Co.* id. 130; *Gage* v. *Graham,* 57 id. 144; *Updike* v. *Wright,* 81 id. 49; *Cornell* v. *People,* 107 id. 372.) We have also held that section 10 of article 9, *supra,* prohibits the legislature from creating a debt against a municipal corporation for merely local purposes, and subjecting property in such municipality to a tax for its payment, without the consent of the tax-payers to be affected; or, expressed in different language, the legislature cannot compel a town to incur a debt against its will. *People ex rel.* v. *Mayor, supra; People ex rel.* v. *City of Chicago,* 51 Ill. 58; *Marshall* v. *Silliman,* 61 id. 218; *Updike* v. *Wright, supra; Decker* v. *Hughes,* 68 Ill. 33; *Gaddis* v. *Richland County,* 92 id. 119; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Aurora,* 99 id. 205; *City of Chicago* v. *Cement Co.* 178 id. 372.

In our judgment, section 40½ of the Farm Drainage act requires the commissioners of a drainage district "to make all necessary bridges and culverts along or across any public highway, * * * which may be deemed necessary for the use or protection of the work," at the expense of the drainage district, where such necessity arises from the construction of a purely artificial ditch at a place or along a line where no natural water-course ever existed, and that said section, in so far as it empowers the commissioners of a drainage district to construct bridges or culverts in public highways of the town and to collect the cost thereof from

the road and bridge fund, violates both sections 9 and 10 of article 9 of the constitution of this State.

Appellants in this case are not corporate authorities of the town of Pennsylvania, and the legislature is therefore prohibited by section 9, *supra,* from granting to them the right to impose a burden upon the town without its consent, to remove which resort must be had to taxation; and this is true notwithstanding the fact that the commissioners of the drainage district are not vested with power to levy taxes to discharge this burden. (*People ex rel.* v. *Mayor, supra.*) The alleged debt for which recovery is here sought was not contracted by the inhabitants of the town of Pennsylvania or the corporate authorities of the town, nor have such inhabitants or authorities in any manner manifested their assent to the imposition of such debt upon the town. This is a clear attempt on the part of the legislature to impose a debt upon the town of Pennsylvania, which could only be removed by resorting to taxation, without the consent and against the will of the town.

Appellants place great reliance upon the case of *Heffner* v. *Cass and Morgan Counties,* 193 Ill. 439. That case is easily distinguished from a case of the character of the one at bar, as was pointed out in *Drainage Comrs.* v. *Highway Comrs.* 220 Ill. 176, where we used this language: "As to the constitutional question, plaintiffs in error insist that the validity of the act was established by the decision in the case of *Heffner* v. *Cass and Morgan Counties, supra.* There are material and important distinctions between that action of trespass for the alleged wrongful removal by drainage commissioners of a bridge over a natural water-course on or near a county line between two counties not under township organization, which were under a duty of maintaining a bridge over such water-course and where the object of removing the bridge was to provide for an increased flow of water in such water-course, and this action of debt for the recovery of the cost of [a bridge over] a purely

228—8

artificial ditch where no natural water-course ever existed and where there had been no bridge nor any duty to maintain one, and the ditch was for the sole and exclusive benefit of a drainage district constituting not more than three-eighths of the territory of the two towns, which is presumed by law to have been all the lands benefited by the ditch."

Language found in the *Heffner* case inconsistent with the views which we have above expressed was not necessary to the decision of that case and does not control here.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*