THE PEOPLE ex rel. John R. Thompson, County Treasurer, Appellee, vs. JOHN GUNZENHAUSER et al. Appellants.

*Opinion filed December 15, 1908.*

1. DRAINAGE—*second assessment may be made to complete improvement.* Under section 63 of the Farm Drainage act a second assessment may be made to complete the improvement if the first assessment is inadequate.

2. SAME—*commissioners may bridge artificial ditch on railroad right of way.* Farm drainage commissioners may build, at the expense of the district, a bridge along or across a railroad right of way, provided the depression to be bridged is an artificial one and not a natural water-course.

3. TAXES—*presumption is that tax was levied for a lawful purpose.* The presumption is that a tax was levied for a lawful purpose, and if a drainage assessment is made, in part, to build a bridge on a certain railroad company's right of way, persons objecting to that portion of the assessment have the burden of showing that the bridge is to be constructed over a natural water-course.

4. The other questions raised in this case have been disposed of by the decision in *People ex rel.* v. *Hulin,* (*ante,* p. 122.)

APPEAL from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding.

JAMES E. DAUGHTERS, for appellants.

FREDERIC R. DEYOUNG, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale against the lands of appellants for the non-payment of the first and second installments of a second assessment levied by the commissioners of Calumet Union Drainage District No. 1 of the towns of Thornton and Bremen, in Cook county. Objections were filed by appellants and overruled and judgment and order of sale were entered, and they have prosecuted this appeal.

The questions raised in this case have all been disposed of adversely to the contentions of appellants in the case of

*People ex rel.* v. *Hulin,* (*ante,* p. 122,) with the exception of the one that the commissioners were powerless to levy a second assessment upon the lands of the appellants for the completion of the proposed improvement.

The resolution levying the assessment reads as follows: "Resolved by the commissioners of the Calumet Union Drainage District No. 1 of the towns of Thornton and Bremen, in Cook county, Illinois, that it be and is hereby ordered that the amount of forty-two thousand dollars ($42,000) be raised by special assessment upon the lands of the district aforesaid, as the same may be necessary, and that such amount be and is apportioned among the several tracts in the name of the owners thereof, when known, according to the acreage of each and its figure of classification on the graduated scale, so that each tract may bear its equal burden in proportion to benefits, the said assessment herein ordered to be known as special assessment No. 2 of said district before mentioned, said assessment to be payable in ten equal annual installments."

Section 63 of the Farm Drainage act (Hurd's Stat. 1908, p. 863,) in part reads as follows: "If at any time the commissioners shall find that the amount of such assessment or tax levied will be inadequate to complete the proposed work, they shall make such additional levy or levies as may be necessary to complete the proposed work, which additional levy or levies shall be made on the original classification, as herein provided, for the first assessment or tax levy, and computed and extended by the clerk in the same manner."

This court has held that a second assessment may be made to complete the improvement where the first assessment proves inadequate. (*Moore* v. *People,* 106 Ill. 376; *Commissioners of Drainage District* v. *Kelsey,* 120 id. 482.) It is, however, urged that the second assessment made by said drainage commissioners was levied to pay indebtedness already incurred and to pay for liabilities about to be in-

curred which the drainage district had no right to incur. It was stipulated between the parties that the second assessment, being the one involved in this proceeding, was levied before any liability or indebtedness was incurred thereunder. The first contention of appellants is therefore without force, and the resolution by which the assessment was levied does not, as is contended by appellants, provide that a portion of said assessment is levied for the purpose of paying the cost of the construction of a railroad bridge. If, however, it be conceded that other portions of the record of said drainage district show it was the intention of the commissioners to use a portion of the tax, when collected, for the purpose of building a bridge "on the Grand Trunk right of way," we do not think that fact would make the tax levy void, as it does not appear that the proposed bridge was to be constructed across a natural water-course, as was the case in *Chicago, Burlington and Quincy Railway Co. v. People*, 212 Ill. 103.

In *Morgan v. Schusselle*, 228 Ill. 106, it was held that section 40½ of the Farm Drainage act required the drainage commissioners of drainage districts to make all necessary bridges and culverts along and over any public highway which may be deemed necessary for the use or protection of the work, at the expense of the drainage district, where such necessity arises from the construction of a purely artificial ditch at a place along a line where no natural water-course exists. We think that the same construction of that section of the statute should be applied to a bridge or culvert constructed along or across a railroad right of way where there is no natural water-course. If the appellants contended that the portion of the tax, when collected, was to be used to construct a bridge along or across a railroad right of way over a natural water-course, they should have introduced evidence to establish that fact. The presumption is that the tax was levied for a lawful purpose and was a legal tax, and the burden was upon the

objectors to overcome, by competent proof, such presumption. *Durham* v. *People,* 67 Ill. 414; *Mix* v. *People,* 86 id. 312; *Chicago and Northwestern Railway Co.* v. *People,* 174 id. 80; *Hurd* v. *People,* 221 id. 398.

Finding no error in this record the judgment of the county court will be affirmed.          *Judgment affirmed.*