NEMAHA VALLEY DRAINAGE DISTRICT, APPELLEE, V. H. F.
HIGGINS, APPELLANT.

FILED JANUARY 3, 1912.   No. 16,627.

Drains: ASSESSMENTS. In order to sustain an assessment made by a
    drainage board under chapter 161, laws 1905, it is not essential
    that the levy be confined to that portion of a tract of land liable
    to be actually covered with water in times of flood. If the
    improvement adds to the value of the whole of the owner's land
    or to an entire government subdivision the assessment may be
    made accordingly.

APPEAL from the district court for Nemaha county:
JOHN B. RAPER, JUDGE. *Affirmed*.

*E. B. Quackenbush* and *Fred G. Hawxby*, for appellant.

*Kelligar & Ferneau, contra*.

LETTON, J.

The appellant is the owner of two tracts of land, one
consisting of 40 acres and the other of 10 acres in Drain-
age District No. 2, in Nemaha county. He appeals from
a judgment confirming an assessment on the same. Ap-
pellant makes the same general objections to the validity
of the statute and the jurisdiction of the court as are
made in the case of *Nemaha Valley Drainage District v.
Marconnit,* p. 514, *post,* and it is unnecessary to again
treat of them. In addition, he complains that the evidence
does not justify the assessment of his land as made.

The testimony shows that both of these tracts were in
part subject to overflow, but that each tract was not liable
to be entirely flooded. Among other things, it is insisted
that, because each entire tract is not subject to be covered
with water, the assessment is not confined to the land
benefited, is unjust, and cannot be sustained. It is
clearly impossible to make an assessment according to
the varying contour lines of the high water mark. The
only practicable method is to assess the land benefited as

36

nearly as may be according to the actual boundaries of the land of each proprietor or with reference to government subdivisions. *Moore, Ex'r, v. People,* 106 Ill. 376. Even though a portion of each small tract may not be overflowed, it is fair to conclude that the flooding of a part diminished the value of the whole, and that benefiting an irregular portion in a 40-acre tract added to the value of the whole subdivision.

We are of opinion that the evidence sustains the judgment of the district court, which is

AFFIRMED.

FAWCETT, J., not sitting.