(No. 10211.)

THE PEOPLE *ex rel.* John F. Burow *et al.* Plaintiffs in Error, *vs.* THEODORE L. BLOCK *et al.* Defendants in Error.

*Opinion filed December 21, 1916.*

1. CONSTITUTIONAL LAW—*effect of sections 9 and 10 of article 9 of the constitution.* Sections 9 and 10 of article 9 of the constitution prohibit the legislature from compelling a town to incur a debt without its consent and from granting the right of corporate taxation to any other than the corporate authorities, who are the municipal officers directly elected by the people to be taxed or appointed in some mode to which such people gave their assent.

2. SAME—*provision of section 55 of Levee act as to restoring bridges in highways is invalid.* The third proviso to section 55 of the Levee act, requiring the town to replace or re-construct at its own expense a bridge removed by commissioners of a drainage district when digging a ditch across a public road, is unconstitutional, and it is not material whether the ditch is along a natural water-course or is purely artificial. (*Heffner* v. *Cass and Morgan Counties,* 193 Ill. 439, overruled.)

3. HIGHWAYS—*highway commissioners possess sole authority to levy tax or incur debt for roads and bridges.* The legislature has imposed the duties of the care of roads and of the construction,

maintenance and repair of bridges upon the various towns of the State acting through the highway commissioners, who are the corporate authorities of the town for such purpose and possess the only authority conferred by law to levy a tax or incur a liability for roads and bridges.

4. DRAINAGE—*when drainage commissioners are in no sense corporate authorities of town.* Drainage commissioners of a district composed of parts of two towns and not conterminous with either, who are elected not only in different territory than the highway commissioners but for a different purpose and by a different body of electors, are in no sense corporate authorities of either town and have no power to impose a debt on either town.

5. SAME—*the restoration of a road by drainage commissioners does not require statutory authority.* Where drainage commissioners have removed a bridge from a public road when constructing a ditch, they may be required, without the authority of any statute, to restore the road to a condition fit for public travel, and the cost of such restoration may be included in the total estimated cost of the drainage improvement.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

JOHN H. LEWMAN, State's Attorney, J. ED. THOMAS, and REARICK & MEEKS, for plaintiffs in error.

CLARK & HUTTON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The commissioners of highways of the towns of Danville and Georgetown, in the county of Vermilion, filed in the circuit court of that county a petition for *mandamus* against the drainage commissioners of the Sinking Hole Drainage District. The petition alleged that the drainage commissioners had, among other improvements in their district, constructed an open ditch across a public highway known as Kelly lane, on the town line between the towns of Danville and Georgetown, and had not provided any bridge or crossing over the ditch but had left an open space across the highway thirty feet wide and twelve feet deep,

and had injured and impaired the public use of the highway and made it impassable; that to restore the highway to its former condition for use for public travel would require the erection of a bridge thirty-six feet long and twenty feet wide, at a cost of about $2000, and that the drainage commissioners had refused to restore the highway under the claim that no such duty rested upon them. The prayer of the petition was for a writ of *mandamus* commanding the drainage commissioners to restore the highway to a condition which would make it fit for public use as a highway, safe to accommodate public travel and as good as before the commissioners had entered upon the highway. The defendants filed pleas, alleging, substantially, that the open ditch extending across the highway, before it was entered upon by the defendants, was a natural water-course having an outlet in a stream called Grape creek; that the ditch constructed carried the water naturally falling upon lands above the outlet from the south to the north into Grape creek in its natural slope; that to accomplish the purpose for which the district was organized it became necessary to deepen and widen the open ditch south of the highway and to cross the highway; that the ditch was cut across the highway along the line of a natural depression for the purpose of carrying the surface waters naturally draining through such depression; that no unnecessary damage was done to the highway by the construction of the work other than by leaving the opening for a bridge; that the construction of a bridge across the channel would be of no benefit to the drainage district; that the highway is capable of use the same as before whenever the highway commissioners shall construct a bridge over the ditch, and that under the law the drainage commissioners are not authorized to expend the funds of the district for the purpose of constructing the bridge. Replications put in issue the allegation that the ditch was constructed on the line of a natural water-course. It was stipulated that the Sinking Hole Drainage

District was organized under the Levee act on June 2, 1913, and that Kelly lane is, and has been for more than fifty years, a public highway on the line between the towns of Danville and Georgetown; that the ditch in question is the main drainage ditch of the district and that the towns of Danville and Georgetown were both assessed for benefits by reason of its construction. The cause was heard without a jury by the court, which made a finding of fact that the ditch was constructed across the highway in the line of a natural depression, channel or water-course, and that the highway is a public township road. The court held as a proposition of law that under the Levee act, where a ditch, as a part of a combined system of drainage located by the report of the drainage commissioners and confirmed by the court, is constructed on the line of any natural depression, channel or water-course across a public township road, the corporate authorities of such road are required, at their own expense, to construct any bridge or other work of such road. The issues were found for the defendants and a judgment was rendered denying the writ and dismissing the petition at the petitioners' costs, to reverse which a writ of error has been sued out.

There was evidence to sustain the court's finding that the ditch was constructed across the road in a natural depression, channel or water-course. In such case section 55 of the Levee act requires the corporate authorities of the road to construct the bridge at their own expense. The plaintiffs in error insist that this requirement is in conflict with sections 9 and 10 of article 9 of the constitution, which provide that municipal corporations may be vested with authority to assess and collect taxes for corporate purposes, and that the General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes. These sections prohibit the legislature from compelling a town to incur a debt without its consent and from granting the right of corporate tax-

276 – 19

ation to any other than the corporate authorities, who are the municipal officers directly elected by the people to be taxed or appointed in some mode to which the people to be taxed have given their assent. These propositions are stated in *Morgan* v. *Schusselle,* 228 Ill. 106, and many cases are cited to sustain them. In that case the court had under consideration section 40½ of the Farm Drainage act, which empowers drainage commissioners to construct bridges or culverts which may be deemed necessary for the use or protection of the work of the district, in public highways of the town, to be paid out of the road and bridge tax, and this requirement was held to violate sections 9 and 10 of article 9 of the constitution. In that case it was assumed that there was a distinction between it and the case of *Heffner* v. *Cass and Morgan Counties,* 193 Ill. 439. In the latter case the court had under consideration the third proviso of section 55 of the Levee act, which is the statute relied on here, and the proviso was held not to be a violation of sections 9 and 10 of article 9 of the constitution. The fact that in the earlier case the drainage district was organized under the Levee act and in the later case under the Farm Drainage act is of no importance, for like provisions in the two acts must be governed by the same rule. Neither does the fact that in the earlier case the ditch over which the bridge was constructed was a natural water-course and in the later case was artificial constitute any valid distinction, though it appears to have been so regarded. The destruction of a part of the highway, requiring its repair, the cost of which can be met only by taxation of the town, is not different in character whether the place of such destruction is at a natural water-course or not. Such destruction necessarily imposes a burden on the town and cannot be authorized by the legislature at the cost of the town against its will. While the destruction of the road is not the levying of a tax, the law which attempts to authorize it imposes an obligation on the town against its will, which the con-

stitution prohibits. The legislature has imposed the care
of roads and the construction, maintenance and repair of
bridges upon the various towns throughout the State, and
the municipal officers, through whom the townships act, are
the highway commissioners elected in each town. They
possess the only authority conferred by law for levying a
tax or incurring a liability for road and bridge purposes.
No debt can be imposed upon the town by any authority
for such purposes against its will, and no tax can be im-
posed for such purposes except by the proper corporate au-
thorities,—the highway commissioners. The drainage dis-
trict here is composed of parts of the towns of Danville
and Georgetown. Its territory is not conterminous with
either or both of those towns. The drainage commissioners
are elected not only in a different territory, but for a dif-
ferent purpose and by a different body of electors from the
highway commissioners. They are in no sense corporate
authorities of either town and under the constitution have
no authority to impose a debt upon either town. While the
drainage commissioners are not authorized by section 55 to
construct the bridges in public highways at the cost of the
town, that section purports to authorize them to remove such
bridges if in their judgment they find it necessary, and thus
indirectly impose upon the township the cost of their re-
placement. The legislature is without power to do this.

The decision in the case of *Heffner* v. *Cass and Morgan
Counties, supra,* holding that the legislature had the power
to authorize drainage commissioners to remove bridges on
public highways without payment of damages to the pub-
lic road authorities, is inconsistent with that of *Morgan* v.
*Schusselle, supra,* and was, in effect, overruled by the latter
case. It is now expressly overruled.

It is argued that the benefits which the Levee act au-
thorizes to be assessed do not include the construction or re-
pair of any bridge or other work in any road. This, how-
ever, is because of the proviso of section 55 which we have

just held to be unconstitutional. The preceding sections authorize the levy of assessments to an amount equal to the estimated total cost of the improvement, which will include the cost of any bridge which the district may be required to build in any road in constructing the improvement. The restoration of the road by the drainage commissioners to a condition fit for public travel may be compelled without a statute expressly authorizing it. The right of the owner of a dominant heritage by ditches and drains to collect the surface water falling on his estate and discharge it into a natural water channel, even if the quantity of water cast upon a servient estate is thereby increased, is not involved. The existence of such right does not give the land owner the right to enter upon and cut through a highway without incurring any liability and impose upon the town the obligation to repair it.

The judgment of the circuit court is reversed and the cause is remanded, with instructions to grant the peremptory writ.          *Reversed and remanded, with directions.*