---

(No. 11121.—Reversed and remanded.)
C. D. BROUGHER *et al.* Plaintiffs in Error, *vs.* THE LOST CREEK DRAINAGE DISTRICT *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

DRAINAGE—*the drainage commissioners may be compelled to restore bridge removed from highway.* The provision of section 55 of the Levee act which requires the highway commissioners to construct, at their own expense, a bridge over a natural depression, channel or water-course which has been removed by a drainage district in the construction of ditches is unconstitutional, and the drainage commissioners may be compelled to restore a bridge so removed. (*People* v. *Block*, 276 Ill. 286, followed.)

WRIT OF ERROR to the Circuit Court of White county; the Hon. J. C. EAGLETON, Judge, presiding.

NOAH C. BAINUM, for plaintiffs in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Lost Creek Drainage District in White and Hamilton counties was organized by the order of the county court of White county under the Levee act. The main ditch of the district was laid out and constructed on the line of a natural water-course known as Lost creek, which crossed a certain highway in the town of Mill Shoals, in White county. In excavating the ditch along this water-course the commissioners removed a bridge in this highway, and, upon being requested by the plaintiff in error Brougher, the sole commissioner of highways of the town of Mill Shoals, refused to re-build the bridge. Thereupon the commissioner of highways and the town of Mill Shoals filed a petition in the circuit court of White county for *mandamus* requiring the commissioners of the drainage district to restore the bridge to its original condition. A demurrer was overruled to the plea of the defendants alleging that the ditch at the place where the bridge was removed was a natural water-course, the petition was dismissed and the petitioners have appealed.

The plea was based upon the provision of section 55 of the Levee act, which requires the highway commissioners to construct at their own expense a bridge over a natural depression, channel or water-course which has been removed by a drainage district in the construction of its ditches. In the case of *People* v. *Block,* 276 Ill. 286, we have held that this provision is unconstitutional and that the drainage commissioners may be compelled to restore a bridge in a public highway which they have removed, by reason of such provision.

The judgment of the circuit court is reversed and the cause is remanded, with directions to sustain the demurrer to the plea.    *Reversed and remanded, with directions.*