(No. 11066.—Cause transferred.)

THE TOWN OF PLEASANT HILL, *et al.* Appellees, *vs.* JANE STARK *et al.* Appellants.

*Opinion filed February 21, 1917.*

1. APPEALS AND ERRORS—*when an appeal may be treated as a writ of error.* Where appellants are entitled to review by writ of error and the appellees have joined in error and filed briefs, the appeal will be treated as a writ of error.

2. SAME—*Supreme Court cannot review proceeding assessing damages for land to be taken in laying out new road.* No freehold is involved in a proceeding in the circuit court, on appeal from a judgment of a justice of the peace, to assess damages for land to be taken in laying out a new road, since the procedure in the circuit court is not under the Eminent Domain act but is governed by the provisions of the act on roads and bridges, under which the commissioners may or may not determine to lay out the road after the damages have been fixed.

3. SAME—*when a freehold becomes involved in a proceeding to lay out a new road.* It is the final action of the commissioners, or of the county superintendent of highways in case of appeal to him, which is conclusive in determining whether a new road is to be laid out, and a *certiorari* proceeding to review the order of the commissioners or of the county superintendent of highways in laying out a new road involves a freehold.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAMS & WILLIAMS, and PAUL F. GROTE, for appellants.

ANDERSON & MATTHEWS, and EDWIN JOHNSTON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The commissioners of highways of the towns of Pleasant Hill and Spring Creek, in Pike county, granted the prayer of a petition for the laying out of a new road on the line between the two towns. Being unable to agree with the land owners on the question of damages, four of the commissioners filed a certificate with a justice of the peace asking that a jury be called to assess the damages. The jury was called and the damages assessed, and the land owners appealed from the judgment entered to the circuit court of Pike county, where damages were again assessed by a jury. From the judgment of the circuit court an appeal was prayed and allowed to this court to review that proceeding.

The grounds relied upon for reversal relate almost wholly to the regularity of the proceedings by the commissioners of highways of the two towns and the surveyor who was employed to make a plat of the road. The only other point raised is, that under the instructions of the court damages were not assessed to each land owner separately.

Appellees, the towns of Pleasant Hill and Spring Creek, suggest that this appeal should be dismissed for the reason that this is purely a statutory proceeding and no appeal from the judgment of the circuit court is provided for. In any event, the appellant land owners would have the right to review the judgment by writ of error. As appellees have joined in error and filed briefs, under our practice the appeal may be regarded as a writ of error. *People* v. *Piccolo,* 275 Ill. 453.

This court has no jurisdiction, however, to review the proceedings of the circuit court in assessing damages for land to be taken in laying out a new road. These proceedings are purely statutory and are governed by the provisions

of the act on roads and bridges. Upon the presentation to the commissioners of highways of the requisite petition for the laying out of a new road the commissioners determine whether they shall grant the prayer of the petition. If the prayer of the petition is granted, as in this case, it is then the duty of the commissioners to agree, if possible, with the land owners upon the question of damages. If they are unable to agree, then it is their duty to file a certificate with a justice of the peace asking for a jury to assess damages. After the damages have been so assessed it then becomes the duty of the commissioners, within twenty days, to hold a public hearing, when they hear and consider reasons for and against the laying out of the road and at that time and place publicly announce their final decision relative thereto. It will thus be seen that in the proceeding to ascertain the damages to be sustained by the land owners the question of a freehold is not involved. The commissioners may or may not determine to lay out the road after the damages have been fixed. From the decision of the commissioners an appeal may be taken to the county superintendent of highways, who finally determines whether or not the road shall be laid out. It is the final action of the commissioners, or of the county superintendent of highways in case of appeal to him, which is conclusive, and a *certiorari* proceeding reviewing the order of the commissioners or of the county superintendent of highways in laying out a new road involves a freehold. *Perry* v. *Bozarth,* 198 Ill. 328.

The trial in the circuit court is not conducted under the Eminent Domain act, as appellants seem to assume, and the provisions of that act do not apply.

There being no question involved which gives this court jurisdiction, the cause is transferred to the Appellate Court for the Third District.    *Cause transferred.*