(No. 21018)

THE BEAVER DRAINAGE DISTRICT No. 3, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1931—Rehearing denied Feb. 5, 1932.*

HUNTER & MINOR, for appellant.

E. A. MARCOTTE, and JOHN H. BECKERS, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from the county court of Iroquois county in a proceeding to condemn property of the appellant across its right of way for the purpose of enlarging a ditch for drainage purposes. Appellant was allowed the sum of $10 as damages for land taken and no damages to property not taken.

Appellee, a drainage district organized under the Farm Drainage act, filed its petition for the condemnation of .161 acres of land owned by appellant for the purpose of enlarging a ditch for drainage purposes. Appellant filed its cross-petition alleging that its property not taken would be damaged by the proposed deepening and widening of the ditch. It was stipulated that the value of land taken was $10, and that if appellant is entitled to damages to property not taken the amount of such damage is $5182, and that in such case judgment may be entered for that amount. A hearing was had before the court without a jury and a judgment entered as indicated. Appellee filed a motion to dismiss the appeal on the ground the proceeding is one filed by appellee under sections 19 and 20 of the Farm Drainage act, section 20 of which provides that the judgment for damages shall be final and no appeal or writ of error lies. This motion was taken with the case.

The petition filed by appellee in this case is a petition to condemn land. Section 19 of the Farm Drainage act provides for filing a statement with a justice of the peace and an issuance by him of a venire for a jury of six land

owners, and provides that the commissioners may commence the proceedings in the county court. Section 20 provides the method of trial and entry of judgment for damages and states that such judgment shall be final. In *Drainage Comrs. v. Harms,* 238 Ill. 414, it is held that such proceeding is one only for assessment of damages and is not a condemnation proceeding and does not involve the right of the drainage commissioners to take the land, and that such right involved a perpetual easement in the lands sought to be taken, which easement is a freehold. That a perpetual easement for a right of way for a road or ditch is a freehold has been frequently decided by this court. (*Town of Pleasant Hill* v. *Stark,* 277 Ill. 302; *People* v. *Magruder,* 237 id. 340; *Perry* v. *Bozarth,* 198 id. 328; *Chaplin* v. *Highway Comrs.* 126 id. 264.) By section 2 of the Eminent Domain act (Cahill's Stat. 1931, p. 1366,) the county court is given jurisdiction of petitions seeking condemnation. While appellee states in its motion to dismiss this appeal that the proceedings were filed under sections 19 and 20, it is clear from the holding in the *Harms case* and other cases that proceedings for the taking of land are proceedings in eminent domain and must be conducted under the Eminent Domain act. Section 12 of this act provides: "In all cases in either the circuit or county court, or before a circuit or county judge, an appeal shall lie to the Supreme Court." The petition filed by appellee in this case alleges that the commissioners by resolution have decided upon deepening, widening, straightening and extending their present main ditch and the construction of certain open lateral and tile drains, and "that the construction of said proposed work will require the following described land, to-wit: [describing land of appellant.] The above description contains .161 acres, more particularly shown on map thereof filed herewith and made a part hereof, be taken or damaged by the construction of said work." This is a petition for condemnation of land and involves a freehold, and appellant

has a right to appeal to this court from the judgment of the county court condemning the land. The motion is therefore denied.

The question here arises on the cross-petition of appellant seeking to be reimbursed for the cost of underpinning two piers under its railroad bridge by reason of the deepening and widening of the ditch over which the railroad passes. Appellant contends that there is nothing in the record to show that the bridge passes over a natural watercourse but that the record shows it passes over a ditch, and the district is therefore liable for the cost of the improvement. The district, on the other hand, contends that as the bridge spans a natural watercourse the cost of such underpinning falls upon appellant. The petition filed by the district alleges that the district decided upon the deepening, widening, straightening and extending of the present main ditch in the district and that the construction of the proposed work will require the taking or damaging of .161 acres of land of the railway company. The proof is that the district is proposing to deepen its main ditch, giving the dimensions of the improvement. It is stipulated that by reason of the widening of this ditch it will be necessary that the railroad company extend its piers below their present foundations to make them safe, and to protect the bridge and track while doing that work. It is also stipulated the cost of this work is $5182, and that if the railroad is entitled to any damage to property not taken, judgment may be rendered for that amount.

It is a fundamental rule of pleading that the allegations in the pleading filed, the proof and the decree rendered must correspond and no relief can be granted for matters not charged in the pleading. The pleader must stand or fall with the case made by his pleading. *Chicago, Peoria and St. Louis Railway Co.* v. *Jacksonville Railway Co.* 245 Ill. 155; *Rice Co.* v. *McJohn,* 244 id. 264; *Schmitt* v. *Weber,* 239 id. 377; *Lang* v. *Metzger,* 206 id. 475; *Helm* v. *Cantrell,* 59 id. 524.

It is conceded that if the railway bridge obstructs a natural watercourse the cost of removing such obstruction must fall upon the railway company, but it is contended that the petition does not allege and that the record does not show that the bridge crosses a natural watercourse. An examination of the record bears out this contention. Section 40½ of the Farm Drainage act requires the commissioners of drainage districts to make all necessary bridges and culverts along and across any public highway or railroad which may be deemed necessary for the use or protection of the work, at the expense of the drainage district. Where such necessity arises from the construction of a purely artificial ditch at a place where no natural watercourse exists the cost is to be borne by the drainage district. (*Morgan* v. *Schusselle,* 228 Ill. 106.) If the bridge in this case spans a natural watercourse such fact should have been alleged in the petition and proof made of it. (*People* v. *Gunzenhauser,* 237 Ill. 262.) It appears that no answer was filed to the cross-petition of appellant alleging that its property would be damaged by reason of the work contemplated by the district. Instead, a stipulation was filed showing the cost of supporting the bridge of the railroad company. In this condition of the record the improvement appears to be by widening a ditch, not a natural watercourse, and the county court erred in holding that the cost of underpinning the piers of the railroad bridge should be borne by the railroad company.

Under the stipulation that if the district was liable for such expense judgment could be entered for the sum of $5182, plus $10 for value of the land taken, it does not become necessary to remand the cause for a new trial but judgment will be entered here.

The judgment of the county court is reversed and judgment entered here for appellant, against appellee, in the sum of $5192 and costs.

*Judgment below reversed and judgment here.*