THE PEOPLE, for use of State Board of Health, ·

v.

JOHN C. McCOY.

*Filed at Ottawa January 21, 1890.*

1. PRACTICE—*trial by the court—preserving questions of law—as to the mode.* On the trial of one before the court, alone, for practicing medicine without a license, the defendant read in evidence, without objection, a certificate from the State Board of Health to himself. The prosecution then offered in evidence a record of their proceedings, resulting in an order revoking such certificate, which was admitted, subject to the defendant's objection: *Held,* that if the plaintiff below had desired to raise the issue as to whether such order of the board revoking the certificate was valid, it should have presented appropriate propositions of law for that purpose, and thus procure a ruling of the trial court thereon.

2. On the trial of a cause by the court, without a jury, the court admitted evidence subject to objection, to which ruling no exception was taken, and no propositions of law were submitted to the court: *Held,* that the record, in such a state of case, presented no questions of law on appeal or error, and the judgment of the Appellate Court affirming, was conclusive.

3. Where a jury is waived and a cause tried by the court alone, if the bill of exceptions contains no exception to the finding and judgment of the court, such finding and judgment can not be assigned for error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. JOHN M. HAMILTON, and Mr. CHARLES C. GILBERT, for the appellant.

Mr. WILLIAM BROWN, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This suit originated in the circuit court of Cook county, on the 20th day of July, 1887, and is an action of debt, brought by appellant under section 12 of the act of 1887, regulating

the practice of medicine and surgery, to recover a penalty of $200 for "a subsequent offense," and violation of that section. The declaration charges, that on the 6th day of July, 1887, the defendant did practice medicine in the county of Cook and State of Illinois without having a certificate, "in full force and effect," issued to him by the State Board of Health of this State; that before the time mentioned, he had been guilty of another and separate violation of said statute. To the declaration there was a plea of *nil debit*, and also of former adjudication. The latter plea set up, that on the 18th of the same month of July, a suit between the same parties had been brought, charging the defendant with a violation of the same statute on the 5th day of said month, by practicing medicine in the county of Cook, "on and with divers persons, without then and there having a certificate," etc., and which action had resulted in a judgment for the defendant. The case was submitted to the court without the intervention of a jury, and the finding and judgment were for the defendant. That judgment was affirmed by the Appellate Court, and plaintiff below again appeals.

The action set up in the special plea was before us and decided at the March term, 1888. (125 Ill. 289.) That decision is thought by appellee to be decisive of the invalidity of the order of the board of health revoking the certificate previously issued to him, under the facts proved in this case. In the view we must take of the case, on the record as presented, that question becomes unimportant. On the trial of this case, after the plaintiff had offered proof of the defendant's having practiced medicine in the city of Chicago about the time alleged, the defendant offered, and the same was received in evidence without objection, a certificate from the State Board of Health, No. 9793, dated February 25, 1885. The appellant then offered a record of certain proceedings before said board, resulting in an order on May 21, 1885, revoking said certificate. This record was objected to by defendant's counsel. The

court admitted it, subject to the objection, and defendant excepted. The defendant offered in evidence the proceeding in the former suit set up in his plea, to which the plaintiff objected, but the court stated that it would be admitted subject to the objection. No exception was taken to this ruling of the court. No propositions of law were submitted to the court. It is not insisted that this court can review the decision of the courts below on controverted questions of fact, and in the state of the record as here presented no questions of law are raised.

If the plaintiff below desired to raise the issue as to whether the order of the board of health revoking the certificate of defendant was valid, it should have presented appropriate propositions of law for that purpose, and thus procured a ruling of the trial court thereon. Failing to do so, no question of law on that subject is presented for our decision. *Tibballs et al.* v. *Libby,* 97 Ill. 556; *Hardy* v. *Rapp,* 112 id. 359; *Farwell & Co.* v. *Shove,* 105 id. 61; *Barber* v. *Hawley,* 116 id. 91; *Kelderhouse* v. *Hall et al.* id. 150; *Mutual Aid Association* v. *Hall,* 118 id. 173.

In the Appellate Court the appellee insisted, that, on the proof made, the former action was a complete bar to this. Appellant presents no argument on this branch of the case. There being no exception taken by appellant to the ruling of the court below admitting proof of the former recovery, and no proposition of law having been submitted on that branch of the case, the judgment of the Appellate Court must be held conclusive against appellant on that issue.

Independent of these considerations, the judgment of the Appellate Court must be affirmed. The bill of exceptions shows no action of the circuit court after the introduction of the evidence,—contains no exception whatever to the finding and judgment of the court. For this reason alone there is nothing before us for decision. *Gould* v. *Howe,* 127 Ill. 252, and cases cited.

*Judgment affirmed.*