## Hollenberg et al. v. Tompkins.

1. *Trial by the Court—Exceptions to Ruling.*—Where a court, in trying a case without a jury, hears evidence subject to objections, an exception to the ruling of the court must be preserved in some appropriate manner before the Appellate Court can be called upon to review the decision.

2. *Trial by the Court—Objections—Exceptions and Propositions of Law—Powers of the Appellate Court.*—Where a case is tried by the court, and no exception is taken to any material ruling of the court in admitting evidence, or in hearing the same, subject to objection, and where no propositions of law are presented for the purpose of obtaining an expression of the views of the law entertained by the court, but an exception is taken to the finding of the court on the main question at issue, the Appellate Court can only inquire into the sufficiency of the evidence to support the finding and judgment.

3. *Tender of Amount Due and Costs.*—In an action upon an account the defendant tendered to the plaintiff the sum of fifty-one dollars and thirty-six cents, as the amount due and costs which had been made up to the time of the tender. On the trial the plaintiff recovered judgment against the defendant for fifty dollars and thirty-six cents, and costs

of suit. Upon appeal *it was held*, the tender having been kept good, it was sufficient, and that the judgment against the defendant for fifty-one dollars and thirty-six cents and for the costs was erroneous.

**Memorandum.**—Action upon an account. Appeal from a judgment rendered by the Circuit Court of Wayne County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, A. D. 1893. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

CREIGHTON & KRAMER, attorneys for appellants.

BUNCH & BONHAM, attorneys for appellee.

OPINION OF THE COURT, SCOFIELD, J.

On January 10, 1891, Tompkins, the appellee, leased a certain " saw mill and feed meal mill thereto attached, with barn and houses," to Hollenberg and Meadley, the appellants, for the term of one year, at a rental of twenty dollars per month, payable in advance, and an additional rent of "twenty-five cents per thousand for all lumber sawed." By the terms of the lease, Tompkins sold to appellants such timber as they might select on certain lands belonging to him, which timber was to be sawn into lumber at said mill, and was to be paid for at the rate of one dollar per thousand feet, "with twenty-five cents for the use of the mill in sawing, the amount to be made up at the end of each month." The timber so cut was to be measured as the logs were hauled, and the measurements were to be " put upon a book or books kept for that purpose, and to be accounted for by Scribner's rule." Upon failure of the lessees to account and make payment promptly, the lessor was authorized to declare a forfeiture of the lease. On March 14th following, Tompkins sued appellants before a justice of the peace, for a balance alleged to be due him. On March 16th, appellants tendered him $51.36, being $41.86 for the balance, admitted by them to be due, and $9.50 for the costs which had been made up to

the time of the tender. The justice of the peace rendered judgment in favor of Tompkins for $31.36, and ordered that appellants pay $9.50 of the costs, and that appellee pay the remainder. From this judgment Tompkins took an appeal to the Circuit Court, where the case was tried without a jury, and a judgment was rendered against appellants for $51.36 and costs of suit.

Appellants, having brought the case to this court for review, now urge a reversal of the judgment on the ground that their tender was sufficient, and that it was error for the Circuit Court to render a judgment against them for costs. This conclusion necessarily follows, if the premises on which it is based are sustained by the evidence. Where the court, in trying a case without a jury, hears evidence subject to objections, an exception to the ruling must be preserved in some appropriate manner before this court can be called upon to review the decision. The People, for use, etc., v. McCoy, 132 Ill. 138. No exception was taken by appellants to any material ruling of the court, either in admitting evidence or in hearing the same subject to objections. No propositions of law were presented for the purpose of obtaining an expression of the views of the law entertained by the court. Nothing remains for us to do, therefore, but to inquire into the sufficiency of the evidence to support the finding and judgment.

What amount of timber was cut by appellants on the lands described in the lease? This is the only controverted question of fact in the case. The evidence on the part of appellants fixes the amount at 64,262 feet. Is there any evidence in the record on the part of Tompkins which tends to show a greater quantity so as to raise a conflict of the evidence on this question? We have searched the record diligently and have found none. Samuel Palfreyman, railroad agent at Arrington station, whence the lumber was shipped, is the only witness who testified for appellee on the question, and at no point in his testimony did he undertake to make even an approximate estimate of the amount of lumber shipped. He presented a memorandum consisting

of items taken from the railroad books, showing the number of car loads of lumber and the total weight thereof, but the memorandum itself was not admitted in evidence, and therefore could not have been considered by the court. It is true that appellee's additional abstract shows that while the court in the first instance refused to admit the memorandum in evidence, further examination of the witness and maturer consideration of the question resulted in a different ruling. The reverse of this is true. The record should not be read from right to left, like a Hebrew manuscript. As is shown by page 22 of the record, the witness, Palfreyman, said, "I think this memorandum is taken from the books of the company, that is, the railroad company." Thereupon, appellants "objected to the slip of paper," and the "objection was overruled." But at the close of the examination of this witness, as appears from page 24 of the record, appellee offered the memorandum in evidence and appellants objected *and the objection was sustained.* There is nothing in the record which shows that this ruling was afterward reconsidered or modified. Appellee does not even call in question the correctness of the ruling by an assignment of cross-errors, which his exceptions duly preserved in the record would have enabled him to do. And so it appears that there is no evidence in the record which contradicts the evidence on the part of appellants as to the number of feet of timber cut by them on appellee's land. When the account is stated on this basis, the balance due appellee at the time of the tender was $32.33. But the amount tendered was $51.36. Under the admission of the parties the tender was "kept good," and the costs at the time of the tender amounted to but $9.50. Thus it appears that the tender was sufficient, and that the judgment against appellants for $51.36, and for costs, was erroneous. The judgment is reversed and the cause remanded.