## The Chicago, Burlington and Quincy Railroad Co.
### *v.*
### The City of Ottawa.

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. Appeals and errors—*where no question of law is presented for review.* Where, in cases tried before the court without a jury, no exceptions are taken to rulings on evidence and no written propositions of law are submitted by either party, no question of law is preserved for the Supreme Court to review.

2. Same—*that the evidence does not entitle plaintiff to recover is a question of fact.* Whether the evidence in the case entitles the plaintiff to recover is a question of fact, which, in a suit at law, is conclusively settled by the finding of the Appellate Court.

3. SAME—*questions of law are preserved by submitting written propositions.* Where a jury is waived and trial had before the court, either party may, under the statute, (Rev. Stat. 1874, chap. 110, sec. 41,) submit written propositions of law to the court for a ruling upon any legal matter bearing upon the rights of the parties, thus preserving the questions of law for a court of review.

*C., B. & Q. R. R. Co.* v. *City of Ottawa,* 65 Ill. App. 631, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

SAMUEL RICHOLSON, (O. F. PRICE, of counsel,) for appellant.

ROBERT CARR, City Attorney, and A. E. WHEELER, for appellee.

Per CURIAM: This was an action brought originally before a justice of the peace by the city of Ottawa, against the Chicago, Burlington and Quincy Railroad Company, to recover a certain sum of money for an alleged violation of a city ordinance. The plaintiff recovered before the justice of the peace and the defendant appealed to the circuit court, where a jury was waived and a trial had before the court, which resulted in a judgment in favor of the plaintiff for $100. On appeal to the Appellate Court the judgment was affirmed, to reverse which the railroad company appealed to this court, having obtained from the Appellate Court a certificate of importance.

On the trial in the circuit court no question was raised in regard to the admission or exclusion of evidence, and no written propositions were submitted to the court to be held as law. Under such a state of facts the inquiry arises, what, if any, errors of law are presented by the record for our consideration?

It will be observed that a jury was waived by agreement, and where that has been done, in order that a suitor

may protect himself against any erroneous view the judge may entertain in regard to the law which should govern the case, our statute provides: "In all cases in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court." (Rev. Stat. 1874, chap. 114, sec. 40.) Under this statute the attorney of either party had the right to obtain, by written propositions, the ruling of the court on the validity or effect of any ordinance or any other evidence which had been introduced, or in regard to any other legal matter bearing upon the rights of the parties; and if the court had, in the propositions submitted, made an erroneous ruling, the party against whom it was made would have been in a position, on appeal, to take advantage of such errors as the court may have committed. But as this course was not pursued there is no question of law presented by the record for our consideration. *Fitch* v. *Johnson,* 104 Ill. 111.

The only question attempted to be raised here is, that under the evidence the plaintiff was not entitled to recover. That was a question of fact, upon which, under the statute, the judgment of the Appellate Court is final.

As no questions of law are presented for our consideration, the judgment of the Appellate Court will have to be affirmed. *Wrought Iron Bridge Co.* v. *Highway Comrs.* 101 Ill. 518; *Edgerton* v. *Weaver,* 105 id. 43; *Farwell* v. *Shove,* id. 61; *Hardy* v. *Rapp,* 112 id. 359; *Barber* v. *Hawley,* 116 id. 91; *Michigan Life Ins. Co.* v. *Hall,* 160 id. 488.

*Judgment affirmed.*

Mr. Justice Cartwright took no part.