THE BOARD OF SUPERVISORS OF LEE COUNTY

*v.*

COMMISSIONERS OF HIGHWAYS OF TOWN OF REYNOLDS.

*Filed at Ottawa January 19, 1897.*

1. MANDAMUS—*affirmance of Appellate Court in, is conclusive as to facts.* Affirmance by the Appellate Court of a judgment of the circuit court in an action of *mandamus* conclusively settles the questions of fact involved.

2. APPEALS AND ERRORS—*question of constitutionality of statute must be raised below.* Whether the statute under which a *mandamus* proceeding was brought to compel a county to pay half the cost of certain bridges is constitutional or not cannot be first raised in the court to which appeal is taken.

3. PROPOSITIONS OF LAW—*must not state merely facts or conclusions. from facts.* The court, on trial without a jury, is not required to hold a proposition which embraces statements of fact only, unaffected by any principle of law, or which states only a conclusion from all the facts.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. JOHN D. CRABTREE, Judge, presiding.

C. B. MORRISON, and WILLIAM BARGE, for appellant.

J. F. SANFORD, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees filed their petition in the circuit court of Lee county for a writ of *mandamus* to compel appellant to appropriate a sum sufficient to meet one-half the expense of building five bridges across streams, on public highways, in the town of Reynolds, in Lee county. The petition set out the conditions requisite, under the statute, to call for the appropriation asked for. Issues of fact as to the existence of the alleged conditions were made by the pleadings, and, a jury being waived, were

submitted to the court for trial. The issues so joined were found for the petitioner and a peremptory writ of *mandamus* was awarded as prayed for in the petition. The judgment of the circuit court was affirmed by the Appellate Court.

The parties have presented here the same briefs that were filed in the Appellate Court, and the questions discussed in them relate, with one exception, to the questions of fact involved. So far as these questions of fact are concerned, such as whether the channel over which it was proposed to construct the bridges was a natural stream or an artificial ditch, and whether the defendant had refused to make the appropriation, the judgment of the Appellate Court, under the statute and numerous decisions of this court, is conclusive.

The exception is a suggestion that the statutes under which the proceeding was instituted are unconstitutional. But this question was not preserved in any way in the record as a question of law. The judgment of the trial court was not asked upon that question as a matter of law, by presenting a proposition to be held or refused, or in any other manner.

There is no question of any alleged error in the admission or rejection of evidence or in rulings upon questions of law at the trial.

The defendant offered eight propositions to the trial court to be held as law, but only the seventh and eighth were propositions of law, and these were held by the court, as presented, to be correct statements of the law. The first, third, fourth, fifth and sixth were pure statements of fact unaffected by any principle of law, and the second was a conclusion from all the facts. Defendant filed its written motion for a new trial, in which the only reason assigned was that the court had erred in refusing to hold defendant's written propositions, and each of them, to be the law of the case; and whether any motion for a new trial was necessary or not, it did not

embrace any such proposition as the unconstitutionality of the statutes.

There is no question in the record which this court has any right to consider, and the judgment of the Appellate Court will be affirmed.    *Judgment affirmed.*