MECHANICS' AND TRADERS' SAVINGS, ETC. ASS'N *et al.*

*v.*

THE PEOPLE *ex rel.* Auditor of Public Accounts *et al.*

*Opinion filed February 19, 1900.*

1. PRACTICE—*how want of authority to use names of plaintiffs in error should be taken advantage of.* Want of authority on the part of an attorney to use the names of certain parties made plaintiffs in error is properly taken advantage of by motion on the part of the defendants in error to dismiss the writ as to such parties, since the latter should not be required to recognize the writ by dismissing it themselves and thereby become liable for costs.

2. APPEALS AND ERRORS—*when constitutionality of a law is not presented on writ of error.* The constitutionality of a law is not presented for the consideration of the Supreme Court where the party who raised the objection in the trial court has not authorized the writ and the other plaintiffs in error have recognized the validity of the law in the trial court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

BOWEN W. SCHUMACHER, and PENCE, CARPENTER & HIGH, for plaintiffs in error.

E. C. AKIN, Attorney General, (PAM, CALHOUN & GLENNON, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 31, 1897, Jacob Ruble and nine others, who are defendants in error, stockholders in the Mechanics' and Traders' Savings, Loan and Building Association, one of the plaintiffs in error, filed their bill in the circuit court of Cook county against the said association and its officers, charging mismanagement and fraud on the part of said officers, asking for a discovery and an accounting, and praying that said officers might be removed and restrained from further conducting the business of

the association, and that a receiver might be appointed. Shortly afterward, on August 13, 1897, a bill of complaint was filed by the People, also defendants in error, on the relation of the Auditor of Public Accounts, against said association, alleging that its affairs had been deliberately mismanaged and misconducted; that it was delinquent and unable to carry on any business, and that the interests of the shareholders demanded immediate relief and attention and the administration of its property under the direction of the court, and praying for an injunction against continuing business, the appointment of a receiver, the winding up and dissolution of the corporation and the distribution of the property among its shareholders and creditors. These bills were afterward consolidated. Receivers of the association were appointed under the bill of the Auditor. On August 20, 1897, Daniel P. Leyden, Henrietta Hallier, Max J. Merchant, John Burns, Ralph Bellizia, Alonzo Bellizia, M. C. Bragdon, Edward Bradley, James E. Eaton and Neill McCoull, stockholders, filed their intervening petition, adopting the allegations made touching the mismanagement of the association, and asking for an injunction restraining the president and secretary, and the family of the secretary, from disposing of property standing in their names but alleged to belong to the association. On November 1, 1897, Katie McCormick, Daniel P. Leyden, Henrietta Hallier, Max J. Merchant, John Burns, Ralph Bellizia, Alonzo Bellizia, M. C. Bragdon, Edward Bradley, James Eaton, Neill McCoull, Harriet B. Greeley and Kate M. Greeley, alleging that they were stockholders of the association, asked the court to be made parties defendant to the consolidated bills, and their motion was granted. On November 8, 1897, Neill McCoull and Katie McCormick answered the consolidated bills and all amendments, admitting the allegations of the bill of the Auditor, except as to whether certain shares were legal, and admitting the allegations of the bill of Ruble as to the secretary

and charges of illegal management of the association. They joined in the prayer of the bill for the appointment of a receiver and the dissolution of the corporation. On November 27, 1897, the association filed answers to the bills of complaint. Its answer to the bill of the People alleged that the amendatory act under which the bill was filed by the Auditor was unconstitutional, and denied that the association was insolvent or that a receiver was required. The answer to the bill of Ruble denied the charges of mismanagement. On December 2, 1897, William E. Rollo and William F. Rollo, creditors of the association, answered the bills, admitting their allegations. Kate E. Greeley and Harriet B. Greeley, stockholders, answered, admitting the allegations of the Auditor and that an injunction should be issued and a receiver appointed and the association wound up and dissolved, and they joined in the prayer of the amended bill. Ralph Bellizia, Alonzo Bellizia, Julius E. Thomas, Henrietta Hallier, Daniel P. Leyden, Max J. Merchant, M. C. Bragdon, Edward Bradley, James E. Eaton and John Burns answered the consolidated bills, admitting the mismanagement and insolvency of the association, but demanded strict proof as to the amount of the insolvency. On December 9, 1897, Katie McCormick, Harriet B. Greeley, Kate E. Greeley, Ralph Bellizia, Alonzo Bellizia, Julius E. Thomas, Henrietta Hallier, Daniel P. Leyden, Max J. Merchant, M. C. Bragdon, Edward Bradley, James E. Eaton and John Burns filed their cross-bill, in behalf of themselves and all other stockholders who might join therein, against the association and its officers, setting up the charges before made against the officers and association, and asking for an injunction against the secretary, and that the association should be declared insolvent and its assets disposed of and the association wound up under a receivership. On the motion of the complainants in the cross-bill the receivership was extended over the property described in the cross-bill. This

cross-bill was amended December 15, and still prayed the same relief. There was a supplemental answer of the association, filed December 22, 1897, setting forth that the association had been unable to accomplish either reorganization or liquidation, and submitting the interests of the association to the consideration of the court, with consent that such decree might be entered as to the court might seem proper and right. On said last mentioned day a decree was entered in the consolidated cause, finding that the allegations of the bills of complaint were true. The injunction was made perpetual, and the decree provided that the association should be dissolved and wound up and its assets and property distributed. The court reserved jurisdiction over the bills, cross-bills and petition, for such action thereon as might be proper. To reverse such decree so entered, a writ of error was sued out from this court to the circuit court, in the name of the Mechanics' and Traders' Savings, Loan and Building Association of Chicago, Daniel P. Leyden, Ralph Bellizia, Alonzo Bellizia, M. C. Bragdon, Edward Bradley, Katie McCormick, Julius E. Thomas, James E. Eaton and Neill McCoull, impleaded with Ellen J. Gould, administratrix of the estate of Charles J. French, deceased, Henrietta E. Hallier, John Burns, William E. Rollo and William F. Rollo, (co-partners, doing business as William E. Rollo & Son,) Kate E. Greeley, Harriet B. Greeley and Max J. Merchant, against the complainants in the bills.

The errors assigned upon the record, of which this court has jurisdiction and which would authorize suing out the writ to bring the record here from the circuit court for review, are, that the amendments to the Homestead Loan Association act, under which the bill of the Auditor was filed, are unconstitutional and void.

At the last term of this court defendants in error filed thirteen motions to dismiss the writ of error generally or as to particular plaintiffs in error, on the grounds that the prosecution of the writ was never authorized by such

plaintiffs in error; that the charter of the association expired by limitation on July 18, 1898, and the association is extinct, and that plaintiffs in error, who are complainants in the said cross-bill, were estopped thereby to assert the act in question was unconstitutional. These motions were accompanied by a mass of affidavits and a motion for five days' time to file a printed brief and argument in support thereof. On the same day the association, one of the plaintiffs in error, moved to strike from the files said motion of the defendants in error, and, with other plaintiffs in error, moved for seven days' time to answer said motion. These motions were followed by four motions of a part of the plaintiffs in error for an order of severance in case the court should conclude that any plaintiffs in error had not authorized the prosecution of the writ, and for summons against the plaintiffs in error as to whom the writ might be dismissed, and leave to amend the writ of error and re-assign errors upon the record. Affidavits were filed in contradiction of affidavits filed by defendants in error, and in addition to the type-written argument we were furnished with one hundred and twenty-eight pages of printed argument by the respective counsel. We were compelled to reserve the motion so made to the hearing, so that we might read in vacation the mass of matter so placed in the files of the case and might examine the numerous cases cited by counsel,—as well those which were not pertinent to any question raised as those which were. We have accomplished the task, and conclude that the first motion of defendants in error to dismiss the writ of error must be sustained and the motions of plaintiffs in error must all be denied.

The argument in support of the motion to strike from the files the motions to dismiss is, that the question can only be raised by some sort of a plea in abatement, or that the proper course would be for a plaintiff in error who has not authorized the writ, to come in and dismiss

his suit.  The motion is not in the nature of a plea in abatement for the purpose of abating a suit.  A plea in abatement goes to the right of a plaintiff in error to maintain his suit, whereas the motion attacks the authority of the attorney to use the name of a plaintiff in error.  Such a want of authority cannot be pleaded in abatement, but the objection should be taken by motion. (2 Ency. of Pl. & Pr. 680, 681, note.)  The motion made is a proper one, and a party should not be required to come in and recognize the existence of a writ of error by dismissing it, and become liable thereby for costs.

The writ of error was sued out in the name of the association by direction and authority of certain persons, who were at one time officers and directors of the association but who ceased to be such on the day that the bill of the Auditor was filed.  It appears by answer of the association, the record in the case and affidavits filed on these motions, that these officers resigned their positions and abandoned all official relation to the corporation at that time,—and this fact is not controverted.  A meeting of the shareholders was held August 12, 1897,— the day before the bill was filed,—and by resolution the offices were declared vacant and the shareholders elected a board of directors, consisting of other persons.  It was questioned whether the new board was legally elected, and there was a meeting of the old board the next morning, when each one of these officers who sued out the writ resigned, one at a time, and withdrew and the others took their places.  This included the president, secretary and board of directors.  The new board of directors assumed the duties of their office and the old board and officers never acted as such afterward.  The new board appointed attorneys to represent the association in the suit, and said attorneys appeared and answered for the corporation in the litigation.  Another meeting of the shareholders was held December 18, 1897, and a board of directors was again elected, of which these parties were not mem-

bers. This last board filed the supplemental answer. The circuit court found that the new board was not legally elected and that the association had no board of directors. Whether the new board was legally elected or not, the parties who used the name of the association and sued out the writ in this case were not officers or directors. They had resigned and abandoned their offices, which they had a right to do. The writ of error was prosecuted without authority of the association, and the association is the only one of the plaintiffs in error which raised any question in the suit as to the constitutionality or validity of the act under which it was brought. This court is a court of review only, and does not consider questions not presented in the court below. If it was claimed that the act was unconstitutional, the judgment of the trial court should have been asked upon that question, so that it might be presented here as a matter of law. Where no objection is made in the trial court by a party in a civil case that he is deprived of his right by an unconstitutional law it cannot be raised here. (*Chiniquy* v. *People*, 78 Ill. 570; *Pearson* v. *Zehr*, 125 id. 573; *Board of Supervisors* v. *Comrs. of Highways*, 164 id. 574.) Not only was the constitutional question not raised by the other plaintiffs in error in the trial court, but by their cross-bill and answers they all recognized the validity of the law, and asked the aid of the court to wind up the affairs of the association under the receivership, in accordance with the statute.

The dismissal of the writ of error as to the corporation leaves no assignment of error which would give this court jurisdiction on a writ of error sued out to the circuit court, and it is unnecessary to consider the other motions of plaintiffs in error.

The writ of error is dismissed.           *Writ dismissed.*