(No. 14725.—Cause transferred.)

E. F. MOTSINGER, Appellee, *vs.* JAMES H. CHENOWETH, Appellant.

*Opinion filed April 18, 1923.*

1. APPEALS AND ERRORS—*when validity of a statute cannot be questioned on appeal.* No question as to the validity of a statute can be raised in the Supreme Court where the question was not raised in the trial court by motion for new trial or otherwise.

2. FREEHOLD—*justice of peace or police magistrate has no jurisdiction where freehold is involved.* A police magistrate or justice of the peace has no jurisdiction to settle any question of title wherein a freehold is involved, and no greater jurisdiction can be conferred upon the circuit court by an appeal from a judgment of a police magistrate or justice of the peace than such inferior court had.

3. SAME—*when a proceeding to assess damages for property taken in laying out road does not involve freehold.* No freehold is involved in a proceeding in the circuit court on appeal from a judgment of a justice of the peace assessing damages for land to be taken in laying out a road, as the proceeding is not under the Eminent Domain act but is governed by the Roads and Bridges act, under which the highway commissioner may or may not determine to lay out the road after the damages have been fixed. (*Town of Pleasant Hill* v. *Stark,* 277 Ill. 302, followed, and *Town of Kingston* v. *Anderson,* 300 id. 577, distinguished.)

APPEAL from the Circuit Court of Fulton county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

HARVEY H. ATHERTON, and GLENN RATCLIFF, for appellant.

ELZIE L. WEBER, and CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This was a proceeding to assess damages to James H. Chenoweth, appellant, the owner of one-half of the land taken, and his mortgagee, Quinton D. Bailey, for property

taken and damaged for a public and private road of the width of twenty feet and of the length of eighty rods, more, or less, commenced before a police magistrate of the town of Farmers, in the county of Fulton, by appellee, superintendent of highways of that county, acting for the town of Farmers, who filed a certificate with the magistrate to have the damages assessed. The certificate set up the fact that appellee in his official capacity, acting for the town aforesaid, had granted the prayer of a petition of George T. Wilson that the said road be laid out for private and public use. He asked that a jury be empaneled and damages assessed, after stating that appellant was the owner of the land constituting the west ten feet of the road, that Bailey had an interest therein as mortgagee, and that Wilson was the owner of the east ten feet of the road and had stipulated to release all damages for that strip. The certificate also described the road minutely and showed that it was located between the southeast quarter of the northeast quarter and the southwest quarter of the northeast quarter of section 18, town 5, north, range 1, east of the fourth principal meridian. A jury was empaneled and the damages of appellant and Bailey were assessed at the sum of $400 before the police magistrate, who entered judgment on the verdict. Appellant appealed the cause to the circuit court of said county, and before a jury was called to try the case moved the court to dismiss the suit on the ground that the court was without jurisdiction to empanel a jury to assess the damages because (1) the necessary and requisite preliminary steps had not been taken by the superintendent of highways to confer jurisdiction; (2) because the defendant is competent to contract and that no attempt had been made by the superintendent to agree with him on the damages to be paid to him; (3) because the superintendent did not, prior to the suit before the police magistrate, make a survey of the road proposed to be laid out and established, as required by law; (4) because plaintiff did not have author-

ity, in law, to condemn the land to be taken; (5) because
no proper plaintiff appears in this cause; and (6) because
the superintendent had entered no preliminary order to lay
out and establish the road. This motion was accompanied
and supported by an affidavit to the effect that no attempt
had been made to agree upon the damages to be paid, and
that appellant had been ready and willing at all times to
agree upon the damages. This motion was denied, was re-
newed at the close of plaintiff's evidence and at the close
of all of the evidence and again denied. The jury re-
turned a verdict in the trial before the circuit court assess-
ing the damages in the sum of $350. The court overruled
a motion for a new trial and entered judgment in favor of
appellant and Bailey for the sum of $350 and against the
petitioner, Wilson. Chenoweth has prosecuted an appeal
to this court.

Appellant has assigned error in this court to the effect
that the statute under which this proceeding is had (Hurd's
Stat. 1921, chap. 121, sec. 98, p. 2787,) is unconstitutional
and void because it authorizes the taking of private property
for a private use. No such question was presented in the
circuit court. The motion to dismiss the suit before the
circuit court for want of jurisdiction of the police magis-
trate was in each instance specific, as above set forth. The
validity of the statute was not raised in the motion for a
new trial or otherwise, and for that reason cannot be raised
here for the first time. *Cummings* v. *People,* 211 Ill. 392.

A police magistrate or justice of the peace has no juris-
diction to settle any question of title wherein a freehold is
involved. The question of such title is sometimes incident-
ally involved in cases before police magistrates or justices
of the peace, but a question of freehold is not involved
in any case of which such courts have jurisdiction, and no
greater jurisdiction can be conferred upon the circuit court
by an appeal from a judgment of a police magistrate or a
justice of the peace than such inferior court had. (*Road*

308—3

*District* v. *McKinney,* 299 Ill. 130.) In the case of *Town of Pleasant Hill* v. *Stark,* 277 Ill. 302, it was expressly held that no freehold was involved in a proceeding in the circuit court on appeal from a judgment of a justice of the peace to assess damages for land to be taken in laying out a road, because the proceeding was not under the Eminent Domain act but was governed by the provisions of the act on roads and bridges, under which the commissioner may or may not determine to lay out the road after the damages have been fixed. That case is on all-fours with this case and is controlling.

Our attention has been called to the fact that in the case of *Town of Kingston* v. *Anderson,* 300 Ill. 577, (a case somewhat similar to this case,) it was inadvertently said that a freehold being involved the Appellate Court certified the appeal to this court. No freehold was, in fact, involved in that case. The question in that case was as to the jurisdiction of the commissioner of highways to lay out and establish a strictly private road and as to the jurisdiction of the justice of the peace to assess damages under the authority of the certificate of the superintendent of highways. In other words, the real claim was that the justice of the peace had no jurisdiction to do that which the constitution prohibited, and the ground that gave this court jurisdiction in that case was the constitutional question aforesaid. The county court in that case dismissed the petition because of the fact that the justice of the peace had no jurisdiction to assess damages, and the decision by this court was to the effect that the court's ruling was correct. That decision, as explained, was correct and is not in conflict with the holding in this case or in the case of *Town of Pleasant Hill* v. *Stark, supra.*

As there is no question of freehold involved in this case or a constitutional question, or any other question that authorizes a direct appeal to this court, this court has no jurisdiction to consider this appeal and has no jurisdiction

to settle any questions in it other than those determining our jurisdiction. The cause will therefore be transferred, under the statute, to the Appellate Court for the Third District.

*Cause transferred.*