PAUL ALBRECHT, Appellant, *vs.* OMPHGHENT TOWNSHIP *et al.* Appellees.

*Opinion filed December 23, 1926—Rehearing denied Feb. 2, 1927.*

1. APPEALS AND ERRORS—*constitutional question must be raised in trial court.* The rule that a question cannot be presented for decision in the Supreme Court without the same having been presented to the trial court applies to constitutional questions.

2. SAME—*whether erroneous judgment or decree deprives one of property without due process of law is not a constitutional question.* Whether a judgment or decree, merely because it is erroneous, deprives one against whom it is sought to be enforced of some constitutional right, such as the taking of property without due process of law, is not a constitutional question which, within the meaning of the Practice act, will confer jurisdiction on the Supreme Court of direct appeal from or writ of error to the trial court.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

R. F. TUNNELL, for appellant.

TERRY, GUELTIG & POWELL, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

While driving on a highway in Omphghent township, in Madison county, on the night of October 2, 1921, Paul Albrecht's horse became frightened at a flash of lightning and shied to the left side of a bridge that he was crossing in his buggy, and the horse, buggy and himself were thereby thrown into a ravine. Albrecht brought suit against the township and Christ Bunte, ex-highway commissioner, before a justice of the peace in said county for damages to his horse, buggy and harness caused as aforesaid. He recovered a judgment before the justice of the peace, and upon an appeal to the circuit court of Madison county a trial before a jury was had. At the conclusion of the evidence for the plaintiff the defendants orally moved the court to find them not guilty. The court allowed the motion as to defendant Omphghent township and instructed the jury to find it not guilty, but denied the motion as to defendant Bunte. Bunte then introduced in evidence the court files and evidence taken in a certain cause in the circuit court of Madison county wherein Albrecht was plaintiff and Bunte, ex-highway commissioner, was defendant. The record in that case discloses that Albrecht had claimed damages against Bunte for personal injuries to himself arising out of the same circumstances and accident as in this cause and had charged Bunte with negligence in maintaining the bridge in question. The record in that cause further discloses that upon a trial before a jury the verdict had been in favor of Bunte and after overruling a motion for a new trial the court had entered judgment in favor of Bunte and against Albrecht. At the conclusion of the evidence for Bunte in the instant trial his attorney moved the court to instruct the jury to find him not guilty on the ground that there had been a former adjudication of the

question of negligence and of liability involved in this suit by the judgment in the former cause. The court allowed the motion and so instructed the jury. Thereafter Albrecht made a motion for a new trial, alleging that the court erred in sustaining the motion to dismiss because of a former adjudication; that the court erred in finding the issues for the defendant; that there was no proper motion before the court to dismiss the cause because of a former adjudication, and that the decision of the court was against the evidence and contrary to the law of the case. The court overruled this motion for a new trial and entered judgment in favor of Bunte and against Albrecht. Albrecht has perfected this appeal directly to this court on the ground that a constitutional question is involved.

Appellant contends in this court that the action of the circuit court in sustaining the motion to dismiss the case as to Bunte because of a former adjudication took away his right to recover damages for the injury to his property and thereby deprived him of his property without due process of law, in violation of section 2 of the bill of rights found in the constitution of Illinois. This is the only ground urged in this court to sustain the appeal directly from the trial court and it was not presented to the trial court in the motion for a new trial. We have repeatedly held that a question cannot be presented for decision in this court without the same having been presented to the trial court. This rule applies to constitutional questions. *Board of Supervisors* v. *Highway Comrs.* 164 Ill. 574; *Mechanics and Traders Ass'n* v. *People,* 184 id. 129; *Wennersten* v. *Sanitary District,* 274 id. 189; *Moses* v. *Royal Indemnity Co.* 276 id. 177; *People* v. *Rawson,* 278 id. 654.

Appellant argues that the action of the trial court in dismissing the case because of a former adjudication took away his right to recover damages and thereby deprived him of his property without due process of law, in violation of the constitution. A constitutional question is not

involved, within the meaning of the Practice act, so as to confer jurisdiction on this court of an appeal or writ of error direct from the trial court, where the judgment or decree of the court is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as the taking of property without due process of law, etc. The question involved in such case is the validity of the judgment or decree, and not a constitutional question within the meaning of the statute authorizing appeals or writs of error direct to this court. *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44; *Paul* v. *Paul,* 278 id. 196; *Hunter* v. *Empire State Surety Co.* 261 id. 335; *Edlund* v. *Edlund,* 285 id. 163; *Ross* v. *Maston,* 297 id. 528; *Tarallo* v. *Hubbell Fertilizer Co.* 281 id. 286; *People* v. *Holten,* 259 id. 219; *Chicago General Railroad Co.* v. *Sellers,* 191 id. 524.

Appellant's insistence that he has been deprived of his property without due process of law is based upon his contention that the court erroneously instructed the jury to find for the defendant because of a former adjudication. His real and only complaint is that the court erred in so instructing the jury. He does not ask for the construction of any constitutional provision or question the validity of any statute, but simply contends that the judgment of the court is erroneous and that its enforcement will deprive him of due process of law. No constitutional question is involved or raised in the case. The cause will therefore be transferred to the Appellate Court for the Fourth District, and the clerk of this court will transmit to the clerk of the Appellate Court for the Fourth District the transcript and all files in the cause, together with the order transferring the same.

*Cause transferred.*