(No. 43743.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WALTER G. AMERMAN, Appellant.

*Opinion filed November 30, 1971.*

GOLDENHERSH, J., dissenting.

DONALD R. MITCHELL, of Murphysboro, and
WILLIAM KENT BRANDON, of Carbondale, appointed
by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (THOMAS J. IMMEL, Assistant Attorney General, of
counsel,) for the People.

MR. JUSTICE WARD delivered the opinion of the
court:

The defendant, Dr. Walter G. Amerman, was fined
$50 after he was found guilty in a bench trial in the circuit
court of Jackson County on a charge of having possessed a
pistol without having obtained a firearm owner's identification card from the Illinois Department of Law Enforcement in violation of the Firearm Owner's Identification
Act. Ill.Rev.Stat. 1969, ch. 38, par. 83–1 *et seq.*

On appeal he contends that the Firearm Owner's
Identification Act is unconstitutional as denying due

process and equal protection of the law. He argues, too, that the statute is an improper exercise of the police power, as it is really a revenue measure subject to and here in violation of the uniformity provision of the constitution of Illinois.

Officers of the Murphysboro police department on May 30, 1970, observed the defendant using a pistol at target practice. A complaint against him was filed after Dr. Amerman told the officers that he had obtained the weapon from a German prisoner during World War II and advised them that he did not have an identification card issued under the Firearm Owner's Identification Act. At trial the defendant did not move to quash the complaint or make any other pretrial motion. In an opening statement his attorney told the court that the defendant's position was that "this law is totally unconstitutional" and if found guilty the defendant intended to appeal the conviction. Thereafter there was no development of the question. There was no argument on it, no ruling by the trial court on it and no request for a ruling. The judgment makes no reference to it. There were no post-trial motions. The only mention of the question in the record is in the opening statement.

We cannot entertain this appeal. The rule is familiar that a nonjurisdictional question which has not been properly presented in the trial court and preserved for review will not be considered on appeal. *(People v. Allen, 17 Ill.2d 55, 61.)* This rule is, of course, applicable to constitutional questions. "It is fundamental that the question of the constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling. [Citations.] " *People v. Brand, 415 Ill. 329, 337;* see also *People v. Luckey, 42 Ill.2d 115, Van Meter v. Stout, 45 Ill.2d 7.*

The charge in the opening statement that "this law is totally unconstitutional" was obviously inadequate as a foundation for appeal.

The appeal from the judgment of the circuit court of Jackson County is dismissed.

*Appeal dismissed.*

MR. JUSTICE GOLDENHERSH, dissenting:

Quoting from *People v. Brand, 415 Ill. 329,* the majority dismisses the appeal on the ground that the question of the constitutionality of the statute was not adequately raised in the trial court nor properly preserved for review. An examination of *Brand* and the earlier opinions upon which it is based demonstrates that the "fundamental" rule which it purports to state rests upon a defective foundation. The court relied upon *People v. McCoy, 132 Ill. 138; Chicago, Burlington and Quincy R.R. Co. v. City of Ottawa, 165 Ill. 207; Mechanics' and Traders' Savings Ass'n v. People ex rel. Auditor of Public Accounts, 184 Ill. 129;* and *Cummings v. People, 211 Ill. 392. People v. McCoy* involved no constitutional issue and was decided on the ground that a plea of *nil debet* without submissions of propositions of law preserved no issue of law reviewable by this court. *Chicago, Burlington and Quincy R.R. Co. v. City of Ottawa* involved no constitutional issue and was decided on the ground that in a case tried before the court without a jury, when no exceptions are taken to rulings on evidence and no written propositions of law are submitted by either party, no question of law was preserved for review. *Mechanics' and Traders' Savings Ass'n v. People ex rel Auditor of Public Accounts,* if relevant at all, is authority only for the proposition that: "Where no objection is made in the trial court by a party in a civil case that he is deprived of his right by an unconstitutional law it cannot be raised here." (184 Ill. 129, 135.) In support of this statement the opinion cites: *Chiniquy v. People ex rel. Swigert, 78 Ill. 570, 577,* in which the court

refused to review a contention that a portion of a school tax was "unconstitutional and void" for the reason that "There is nothing, so far as we can see, in this record which shows that fact;" *People v. Zehr, 125 Ill. 573,* which involved the question of whether, upon the issue presented, jurisdiction was properly in this or the appellate court; and *Board of Supervisors v. Commissioners of Highways, 164 Ill. 574, 575,* which, without citation of authority, holds that an attack on the constitutionality of a statute authorizing certain appropriations for bridge construction would not be reviewed because,"The judgment of the trial court was not asked upon that question as a matter of law, by presenting a proposition to be held or refused, or in any other manner."

In *Cummings v. People* the trial court at the request of the defendant held a statute valid, and on appeal the defendant argued that the statute was unconstitutional and void. This opinion relies upon *Mechanics' and Traders' Savings Ass'n v. People, People v. McCoy,* and *Chicago, Burlington and Quincy R.R. Co. v. City of Ottawa*—clearly not in point.

In the majority opinion in *People v. Luckey, 42 Ill.2d 115,* also cited by the majority, the court relies upon *People v. Hale, 31 Ill.2d 200; People v. Orr, 10 Ill.2d 95; People v. Cosper, 5 Ill.2d 97; People v. Brand, 415 329; People v. Rohde, 403 Ill. 41*; and *People v. Dwyer, 397 Ill. 599. Hale* relies upon *Orr* which in turn relies upon *Cosper, Brand* and *Rohde,* and *Rohde* relies upon *Housing Authority v. Church of God, 401 Ill 100,* and *People v. Brickey, 396 Ill. 140. Brickey* involved the sufficiency of the record to vest jurisdiction in this court under then applicable requirements and the case was transferred to the appellate court. *Housing Authority v. Church of God* involved not the validity of a statute, but a contention that a decree was invalid because it deprived the appellants of certain constitutional rights.

*Cosper* relies upon an earlier *Cosper* case (405 Ill.

543), *People v. Reck, 392 Ill. 311,* and *People v. Jankowski, 391 Ill. 298.* In *Jankowski,* which involved no constitutional question, the court held that errors not raised by motion for new trial or arrest of judgment will not be considered on review. *Reck* is to the same effect and involved no constitutional issue. In the earlier *Cosper* case, the court held that the record presented no issue which invoked its jurisdiction under the standards then applicable, and transferred the case to the appellate court.

*People v. Dwyer* cites *People v. Bute, 396 Ill. 588,* which in turn relies on *People v. Berglin, 309 Ill. 488,* also cited in *Dwyer,* which in turn cites *Cummings, Motsinger v. Chenoweth, 308 Ill. 31,* another progeny of *Cummings,* and *People v. Harrison, 223 Ill. 540,* which is not in point.

The Code of Criminal Procedure of 1963 (Ill.Rev. Stat., ch. 38, par. 100—1 *et seq.*) enumerates the grounds upon which a pretrial motion to dismiss an indictment may be made (par. 114—1) and provides that all are waived by failure to file a motion except 114—1(a)(6) and 114—1(a)(8) which provide respectively:

"(6) The court in which the charge has been filed does not have jurisdiction;"

"(8) The charge does not state an offense."

The Committee Comments (S.H.A. ch. 38, sec. 114—1, p. 123) state: "Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. In accordance with Article III, "charge" refers to the complaint, indictment or information. Since a charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and may be attacked at any time."

Our Rule 615 (43 Ill.2d R.615) provides in part: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

Adverting to subsection (a)(8), and the Rule, it is difficult to perceive how a complaint, indictment or information can state an offense based upon an invalid statute, and it is equally difficult to perceive a right more "substantial" than the right not to be convicted of an offense charged under an unconstitutional statute.

Assuming, *arguendo* that there are situations to which the "fundamental" rule should be applied, the one here presented is not one of them. Firstly, the trial court and the People were fully aware that the defense to the charge was that the statute was unconstitutional and the finding of guilty shows clearly that the court decided that issue against the defendant. Secondly, assuming that the issue of unconstitutionality should have been raised by written motion, the following language in Mr. Justice Schaefer's dissent in *People v. Luckey (42 Ill.2d 114, at page 118)* is particularly apposite: "In the case before us, however, no useful purpose is served by the application of the doctrine of waiver. There is no possible way in which the course of proceedings at the trial would have been altered if the present objection had been advanced in the trial court. It is true that we do not have the benefit of the views of the trial judge, as to the constitutionality of the statute, but that has not handicapped the parties in fully presenting to this court the pertinent arguments and authorities upon what is purely a legal issue."

I respectfully dissent from the majority opinion and would decide the case on the merits.