*In re* E. H., JR., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* E. H., JR., Respondent-Appellant.)

Fourth District   No. 15554

Opinion filed March 7, 1980.

CRAVEN, J., dissenting.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

We deal here with the doctrine of waiver.

Can it be applied in a juvenile case?

Of course.

We affirm.

On December 15, 1978, the minor was found guilty of escape, was adjudicated a delinquent, and declared a ward of the court. On December 21, 1978, he was committed to the Department of Corrections.

The minor now appeals, claiming that he has been denied equal protection under the Illinois and United States constitutions because he faces a possible 5-year commitment with the Department of Corrections for an offense which—had it been committed by an adult—would have been punishable by a maximum sentence of 364 days.

However, the argument advanced on appeal was never presented to the trial court—not by pleading, not by objection, not by post-trial motion.

In our recent decision of *In re F.L.W.* (1979), 73 Ill. App. 3d 355, 391 N.E.2d 1070, we held that the same argument presented here was waived by a failure to raise it in the trial court. See also *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

Since the only issue raised on appeal has not been properly preserved, it was waived.

Affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The short majority opinion citing adult criminal cases affirms the commitment of a juvenile upon the basis of waiver imputed to the juvenile. With that I do not agree. It is my understanding that it is one of the high functions of any court to protect the interest of juveniles. We should be slow to find waiver of substantial rights by juveniles.

This minor is committed for what could possibly be 5 years at the

Department of Corrections for a relatively minor offense which if it had been committed by an adult would carry a *maximum* penalty of 364 days. That great disparity triggers the need for a reexamination of the equal-protection problem that is apparent. Thus, for the reasons set forth in my dissent in *In re F.L.W.* (1979), 73 Ill. App. 3d 355, 391 N.E.2d 1070, I again dissent.