THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL GOBLE, Defendant-Appellant.

Fourth District   No. 4—83—0791

Opinion filed June 29, 1984.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Following a jury trial, defendant was convicted of five counts of burglary, violations of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)). He was sentenced to concurrent terms of four years' imprisonment. Defendant appeals the trial court's imposition of sentence. We affirm.

Because defendant does not contest the propriety of his convictions, an extended recitation of the facts is unnecessary. Suffice it to say that the evidence established that on September 23, 1982, defend-

ant unlawfully entered into five vehicles that were parked near a bowling alley in Danville, Illinois. Several items of personal property that were in the vehicles were either taken or tampered with by defendant. The evidence also established that defendant was assisted by an accomplice, Thomas Lutz, who acted as a lookout for defendant. After a separate jury trial, Lutz was also convicted of five counts of burglary stemming from this incident. Lutz, however, was sentenced to concurrent terms of four years' probation.

Defendant's arguments on appeal center about a claimed disparate sentence. As indicated, he received four years' imprisonment and Lutz, who had been previously tried to a jury and found guilty, received four years' probation. Defendant has supplemented the record in this court with a copy of Lutz' presentence report.

Defendant's presentence report indicates that he had been convicted previously of contributing to the sexual delinquency of a child in 1980 and indecent liberties with a child in 1977. He was sentenced to one year's probation for the former offense and to a term of imprisonment of not less than four years and not more than six years for the latter offense. Indecent liberties was a Class 1 felony (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(c)).

Lutz' presentence report indicates that he was convicted of "armed robbery" in Edmonton, Alberta, Canada, in 1980.

■ From this state of the record, defendant argues that he was sentenced under section 5—5—3(c)(2)(F) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(F)), which provides in substance that a sentence of probation shall not be imposed on one who has been convicted of a Class 2 or greater felony, if that person had been convicted of a Class 2 or greater felony within 10 years of the date on which he committed the offense for which he was being sentenced. Burglary is a Class 2 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(b).) Since Lutz was sentenced to probation, defendant extrapolates that the statute applies only to offenses and offenders within the State of Illinois and thus is unconstitutional as a denial of equal protection.

We disagree. An examination of the transcript of defendant's sentencing hearing reveals no mention by either court or counsel of section 5—5—3(c)(2)(F) of the Code. The court stated only, "I do not feel I can impose a minimum sentence with your prior record, Mr. Goble." The question of section 5—5—3(c)(2)(F) is raised for the first time on appeal. See *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.

Furthermore, the statute itself contains no language which indi-

cates that a differentiation exists between offenses committed in this State and elsewhere. Nor do we have any information as to whether it was considered at Lutz' sentencing hearing.

Also of significance is the fact that defendant assumes that "armed robbery," as set forth in Lutz' presentence report, is a Class 2 or greater felony. At oral argument counsel stated that this court could take judicial notice of the laws of Alberta, Canada. Such a statement overlooks section 8—1007 of the Code of Civil Procedure, which provides:

"The law of a jurisdiction other than those referred to in Section 8—1003 of this Act shall be an issue for the court, but shall not be subject to the foregoing provisions concerning judicial notice." Ill. Rev. Stat. 1983, ch. 110, par. 8—1007.

From the record presented to us we cannot determine the quality of armed robbery in Alberta, Canada, nor can we determine whether the matter was presented to the trial court in Lutz' case. As the record stands, defendant has a prior conviction of a Class 1 felony within 10 years of the instant offense, and Lutz has only a bare statement in a presentence report, prepared by a layman, indicating some offense in Alberta, Canada, for which he received a prison sentence.

■■ It is the burden of the defendant, when arguing disparate sentences, to produce a record upon which a rational comparison can be made. (*People v. Kline* (1982), 92 Ill. 2d 490, 442 N.E.2d 154.) This he has failed to do in the instant case, and we therefore find no basis to interfere with the trial court's judgment.

The sentence imposed by the circuit court of Vermilion County is therefore affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.