THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GIRVIES DAVIS, Defendant-Appellant.

Fifth District    No. 5—86—0263

Opinion filed July 30, 1987.—Rehearing denied September 2, 1987.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth J. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Girvies Davis, appeals from the order of the circuit court of St. Clair County denying his petition for post-conviction relief. We affirm.

Defendant was convicted by a jury of the murder of John Ortel in 1980 and was sentenced to 40 years' imprisonment. We affirmed both the conviction and sentence in 1982. Defendant then filed a post-conviction petition which subsequently was dismissed by the circuit court. Defendant appealed the dismissal, and we reversed and remanded for an evidentiary hearing. It is from the denial of relief at this hearing that defendant comes before this court for the third time on the same charge.

■ Defendant first contends he was denied effective assistance of counsel when his trial counsel withdrew his motion to suppress his confession. Defendant raises as his second point that he was denied his rights under the fourteenth amendment of the United States Constitution when the State used five of its eight exercised peremptories to exclude blacks from the jury without providing a neutral explanation for having done so. We turn to this issue first.

Initially, we note defendant did not raise the matter of peremptory challenges at his trial. He did not challenge the jury in any manner; he made no motion to strike. In fact, he expressly accepted all of the jurors. In addition, defendant did not raise the issue on direct appeal. He did not raise the issue until four years after his trial in his amended post-conviction petition. Quite simply, defendant has waived the issue. See *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354; *People v. Graves* (1974), 23 Ill. App. 3d 762, 765-66, 320 N.E.2d 95, 98. See also *People v. Stewart* (1984), 104 Ill. 2d 463, 481, 473 N.E.2d 1227, 1235, *cert. denied* (1985), 471 U.S. 1120, 86 L. Ed. 2d 267, 105 S. Ct. 2368.

Secondly, the record is insufficient to permit a reasoned determination of the matter. The transcript of the *voir dire* establishes neither the race of the jurors chosen nor the race of the veniremen excluded. From what information defendant's counsel could gather, the State excluded five blacks by way of its eight peremptory challenges. The other three excused were white. Out of the 12-person jury, there were at least two, possibly three, blacks on the jury. The original prosecutor testified at the evidentiary hearing she had no racial motive in striking the five black veniremen but could not remember specifically why they were excused. No challenge having been made, the State had no reason to record either the race of those jurors excluded or the reason for excusing each one. What record does exist presents no evidence of purposeful discrimination in the selection of defendant's jury.

Because of our findings above, we need not address the applicability of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S.

Ct. 1712 to defendant's claim. Suffice it to say, we believe *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878 answers defendant's contentions.

■■ ■ We return now to defendant's first point on appeal. Defendant argues he was denied effective assistance of counsel in violation of his constitutional rights when his trial attorney withdrew his motion to suppress his confession prior to trial. Defendant claims his confession had been involuntarily coerced from him, and suppression of it necessarily would have resulted in the dismissal of the charges against him when his confession allegedly was the only evidence presented by the prosecution.

In order to establish ineffective assistance of counsel, defendant first must show that counsel's performance was deficient, that is, counsel made errors so serious he was no longer functioning as the "counsel" guaranteed defendant by the sixth amendment. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) Defendant must also show that counsel's deficient performance prejudiced his defense, that is, counsel's errors were so serious as to deprive defendant of a fair trial. (466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064. See also *People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, 473 N.E.2d 1246, 1255, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061.) In other words, but for counsel's unprofessional errors, a reasonable probability exists that the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 697-98, 104 S. Ct. 2052, 2068.) This does not mean that mistakes in trial strategy or tactics or in judgment render the representation incompetent, however. (See *People v. Stewart* (1984), 104 Ill. 2d 463, 492, 473 N.E.2d 1227, 1240, *cert. denied* (1985), 471 U.S. 1120, 86 L. Ed. 2d 267, 105 S. Ct. 2368.) There are countless ways to provide effective assistance in any given case. No two defense attorneys will necessarily agree on the same strategy. We therefore should not indulge in second-guessing counsel's performance. (See *Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694-95, 104 S. Ct. 2052, 2065; *People v. Hattery* (1985), 109 Ill. 2d 449, 460-61, 488 N.E.2d 513, 517, *cert. denied* (1986), 478 U.S. 1038, 92 L. Ed. 2d 727, 106 S. Ct. 3314.) Instead, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694, 104 S. Ct. 2052, 2065.) With these principles in mind, we turn now to defendant's contentions.

Prior to defendant's trial, defense counsel filed a motion to sup-

press defendant's confession. At trial, approximately one month later, defense counsel withdrew the motion because he believed it lacked merit. Counsel concluded from his investigation of the case that the motion would probably fail, noting that defendant gave inconsistent accounts of the alleged coercion. Counsel believed the best tactic therefore was to attack the confession once admitted on the basis that defendant confessed to several different murders, at least one of which two other people had been convicted of committing.

Prior to the admission of the confession at trial, to which defense counsel did object, the State presented extensive testimony concerning the voluntary nature of the confession. Testifying in his own behalf, defendant denied committing the murder and explained to the jury how his confession was coerced. The State on rebuttal presented several witnesses to contradict defendant's claim of coercion and to dispel any hint of impropriety. After conviction, defendant alleged in his post-conviction petition that his two codefendants would have testified if called that the police coerced them into implicating defendant. Defendant's petition was supported by an affidavit purportedly signed by one of the codefendants. At the evidentiary hearing, this same codefendant declined to testify on defendant's behalf and stated he did not sign and had never seen the submitted affidavit. The other codefendant testified that he did not know whether defendant committed the crime or not and said nothing about the confession. Defendant's trial counsel stated he was never requested by defendant to interview or subpoena the codefendants and that their counsel declined permission for any interviews. Defendant did not testify.

■ The testimony presented at the post-conviction hearing clearly establishes that the withdrawal of the suppression motion did not constitute ineffective assistance. Counsel's errors in not interviewing or subpoenaing the codefendants and in withdrawing the suppression motion, if errors at all (cf. People v. Brinson (1980), 80 Ill. App. 3d 388, 394, 399 N.E.2d 1010, 1014), in all likelihood would not have affected the outcome of the trial. The codefendants offered little aid on the issue of coercion. Defendant's own version of the confession was rebutted by the State. Defense counsel objected to the admission of the confession at trial and argued its credibility during closing. There was no breakdown in the adversary process. Defendant's trial counsel was an experienced defense attorney. He chose what he thought was the best tactic or strategy to defend defendant. We should not second-guess that decision, especially when the confession undoubtedly would have been deemed voluntary at a motion hearing. Counsel's "errors" simply had no adverse effect on the judgment ren-

dered. See *Strickland v. Washington* (1984), 466 U.S. 668, 691, 80 L. Ed. 2d 674, 695-96, 104 S. Ct. 2052, 2066.

For the reasons given above, we affirm the judgment of the circuit court of St. Clair County denying defendant's petition for post-conviction relief.

Affirmed.

KASSERMAN and WELCH, JJ., concur.